**LEWIS COX & SON, INC., Appellant,**

v.

**HIGH PLAINS UNDERGROUND WATER CONSERVATION DISTRICT NO. 1, Appellee.**

**No. 8687.**

Court of Civil Appeals of Texas, Amarillo.

June 21, 1976.

Rehearing Denied July 19, 1976.

Day, Owen, Lyle & Voss, Paul Lyle, Plainview, for appellant.

Nelson, McCleskey, Harriger & Brazill, Don Graf and Mack Ed Swindle, Lubbock, for appellee.

REYNOLDS, Justice.

The question presented is whether the enforcement of an underground water conservation district's order to close or re-equip an irrigation well so as not to be in violation of regulations is subject to the defenses of limitation, laches and estoppel. We hold that the enforcement of the order is immune from the defenses and affirm the trial court's summary judgment, the right to which was resisted only by the imposition of these defenses.

Article 16, section 59, of the Texas Constitution authorizes the legislature to create conservation and reclamation districts, which "shall be governmental agencies and bodies politic and corporate with such powers of government and with the authority to exercise such rights, privileges and functions . . . as may be conferred by law," to control, store, preserve and distribute waters for irrigation, power and other useful purposes. Under this authorization, legislation was enacted in 1949 to provide for the organization of, and to designate the powers delegated to, underground water conservation districts.[1] The general statutory provisions relating to these districts were revised and promulgated as Chapter 52, a division of Title 4, of V.T.

1. Tex.Laws 1949, ch. 306 at 559.

C.A., Water Code § 52.001 *et seq.* (1972).[2] Although § 52.118(c) prohibits the district from restricting the production of any well that produces less than 100,000 gallons of water a day, § 52.116 specifies that a well which could reasonably be expected to produce more than 100,000 gallons a day may not be drilled in the district unless a permit is first obtained from the district. Provisions for the spacing of wells to minimize the drawdown of water and the reduction of artesian pressure, or to prevent waste, may be made. § 52.117. The district is given rule-making power by § 52.101, and it is declared that any rule, order or act of the district shall be prima facie valid. § 52.303.

Pursuant to the constitutional provision and the 1949 legislation, the High Plains Underground Water Conservation District No. 1 was established in 1951.[3] Its creation and establishment under the provisions of Vernon's Ann.Tex.Const. art. 16, § 59, was ratified, confirmed and validated by a 1953 act of the legislature.[4] The water district adopted and published its rules or regulations. Rule 8 sets the minimum spacing of wells according to the size of the pumps and the ordinary or usual pumping rates for the pumps. Under the rule it is mathematically calculable that any well usually capable of producing 100,800 gallons a day shall be spaced a minimum of 200 yards from the nearest well or authorized well site; and, among other spacings enumerated in the rule, a well to be equipped with a 6-inch pump capable of producing 390 to 560 gallons per minute shall be located at least 300 yards from the nearest well or authorized well site. It is provided in Rule 6 that an application for a permit to drill a well shall contain the exact location of the well to be drilled and the location of the three nearest wells within a quarter of a mile of the proposed well site. To wilfully give erroneous information in the application is designated a fraud in Rule 8.

In January of 1968, J. B. Cox, then the owner of land in Hale County, which is within the boundaries of High Plains Underground Water Conservation District No. 1, made application for a permit to drill an irrigation well to be eqipped with a 6-inch pump for a maximum yield of 560 gallons of water per minute. It is stated in the application that a well is located 440 measured yards from the proposed site and no other wells are within 440 yards. The permit was granted, the well was drilled in February of 1968 on the site shown in the application, and it has been producing irrigation water since that time. J. B. Cox sold the land to his brother, Lewis Cox, who thereafter conveyed it to Lewis Cox & Son, Inc., a corporation of which Lewis Cox is president.

In November of 1974, nearly seven years after the Cox permit was granted, the water district notified the corporation that the well was in violation of the spacing rule and set a hearing on the matter. The violation was predicated on the fact that at the time J. B. Cox made his application, there was a 6-inch irrigation water well located on an adjacent owner's land 149 yards from the proposed and actual site of the Cox well. Following a hearing on 17 December 1974, the water district issued its order that the Cox well be either abandoned and closed or re-equipped so as to be incapable of producing in excess of 100,000 gallons of water a day prior to 17 January 1975.

Claiming the legal defenses of the four year statute of limitation,[5] the equitable doctrine of laches, and estoppel to the enforcement of the water district's order, Lewis Cox & Son, Inc., asked the district court for a declaration of the parties' rights and to enjoin the enforcement of the order

**2.** Subsequent citations of sections refer to the sections appearing in V.T.C.A., Water Code (1972).

**3.** Vol. 1, p. 40, Conservation District Records of Lamb County, Texas; Vol. 1, p. 158, Deed Records of Lamb County, Texas.

**4.** Tex.Laws 1953, ch. 10 at 17.

**5.** Vernon's Ann.Civ.Stat. art. 5529. The statute reads: "Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward."

pending an adjudication. Enforcement of the order was temporarily enjoined, but, on a hearing after the water district had answered, a temporary injunction was denied to the corporation. Thereafter, the water district counterclaimed for an injunction enjoining the corporation from producing water from the well in violation of the water district's regulations and enforcing its December, 1974 order. After the corporation had answered the counterclaim and re-alleged its claimed defenses, the water district moved for summary judgment on the pleadings with attached exhibits and the affidavit of its manager. The motion contained the allegation that the trial court, in denying the corporation's request for a temporary injunction, had ruled that the defenses of limitation, laches and estoppel neither bars nor estops the water district from enforcing its order.

Hearing the motion, the court granted summary judgment in favor of the water district. Specifically, the court, finding the complete absence of any genuine issue of material fact, held that the corporation was not entitled to injunctive relief and ordered that it comply with the water district's order and abandon and close the irrigation well or, alternatively, re-equip the well so that it is not capable of producing in excess of 100,000 gallons of water per day. The corporation was enjoined from the use of the well except in accordance with the judgment.

The basis of the corporation's appeal is that the trial court was in error in ruling that none of its asserted defenses is viable in this action by the water district. The corporation does not dispute the authority of the water district to issue the order, and it candidly concedes that if none of its asserted defenses is available against the enforcement of the order, the summary judgment should be sustained.

■ The question is new, but the controlling principles of law have been long established. Although an exception has been engrafted where the state engages in proprietary functions, the uniform rule is that the state and its essential instrumentalities

are immune from the defenses of limitation, laches, *McKinney v. Freestone County*, 291 S.W. 529, 530 (Tex.Com.App.1927), and estoppel, *Scaling v. Williams*, 284 S.W. 310, 314 (Tex.Civ.App.—Fort Worth 1926, no writ), unless limitation is permitted to run by statute. *Hatcher v. State*, 125 Tex. 84, 81 S.W.2d 499, 500 (1935). Indeed for many years, the state has been statutorily exempt from operation of the limitation statutes. Vernon's Ann.Civ.St. art. 5517. It is stated in *Bexar County v. Linden*, 110 Tex. 339, 220 S.W. 761, 762–63 (1920), that state government must be carried on by means of certain agencies or instrumentalities, and that counties are essentially instrumentalities of the state, exercising state powers by performing those obligations which the state owes the people at large and in executing the general policy of the state.

■ The answer to the question, then, lies in the character or nature of the water district. The sources which generated and sanctioned the water district constituted it a political subdivision of the State of Texas performing governmental functions. See *Willacy County Water Control and Improvement Dist. No. 1 v. Abendroth*, 142 Tex. 320, 177 S.W.2d 936, 937 (1944). It is, in other words, an arm of the state created to administer the enumerated governmental powers delegated to it. As constituted, the water district exists and functions as a governmental agency, a body politic and corporate, *Harris County Flood Control Dist. v. Mann*, 135 Tex. 239, 140 S.W.2d 1098, 1101 (1940), and stands upon the same footing as counties and other political subdivisions of the state. *Bennett v. Brown County Water Imp. Dist. No. 1*, 153 Tex. 599, 272 S.W.2d 498, 500–01 (1954).

■ Counties were, by an amendment to V.A.T.S. art. 5517 effective 8 June 1953, placed on a parity with the state insofar as immunity from limitation was concerned. *Brazos River Authority v. City of Graham*, 163 Tex. 167, 354 S.W.2d 99, 132 (1961). This statutory exemption was in conformity with prior law. Previously, when counties sued in their governmental capacity, they

were tested, with respect to the issue of limitation, as if they were the state, and the common law exemption of the state from operation of statutes of limitation was applied in favor of the counties. *Delta County v. Blackburn,* 100 Tex. 51, 93 S.W. 419, 422 (1906). Consequently, the application of general limitation statutes was not available as a bar to a governmental action by a county. *Jackson v. Nacogdoches County,* 188 S.W.2d 237, 238 (Tex.Civ.App.—Dallas 1945, no writ). In a like manner, laches is not imputable to the government and does not bind the county when it is acting purely in governmental affairs. *Lancaster v. Gray County,* 127 S.W.2d 385, 388 (Tex.Civ.App. —El Paso 1939, no writ). Similarly, estoppel cannot properly be applied to a county acting as a subdivision of the state and in aid of the state's sovereign powers. *Scaling v. Williams, supra,* at 314. Moreover, although municipalities usually do not enjoy the immunity accorded the state, it has been held that when municipal water control and improvement districts are acting in their governmental capacities, as distinguished from private or proprietary functions, the exercise of those governmental powers is not lost through estoppel or laches. *City and County of Dallas Levee Imp. Dist. v. Carroll,* 263 S.W.2d 307, 310 (Tex. Civ.App.—Dallas 1953, writ ref'd n. r. e.).

■ Because underground water conservation districts are governmental agencies or instrumentalities exercising state powers and stand upon the same footing as counties, and because governmental actions by counties are not subject to the general limitation statutes, the equitable doctrine of laches, or estoppel, it logically follows that the exercise of delegated state powers by underground water conservation districts is immune from these defenses. We hold, therefore, that neither the four years statute of limitation, nor the equitable doctrine of laches, nor estoppel is available to bar or estop the enforcement of the December, 1974 order of the High Plains Underground Water Conservation District.

The judgment is affirmed.