**CORNERSTONE MUNICIPAL UTILITY DISTRICT, Appellant,**

v.

**MONSANTO COMPANY, Armco, Inc., Armco Steel Company, and Turner, Collie & Braden, Inc., Appellees.**

No. C14–92–00204–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 7, 1993.

Richard Warren Mithoff, Tommy Jacks, Scott Rothenberg, Steve Bickerstaff, Catherine Brown Fryer, Carolyn Fiske Wright, Scott Douglas Cunningham, Houston, for appellant.

Robert Quinn, Christopher B. Allen, Charles W. Lyman, Jeff Joyce, Houston, for appellees.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

Cornerstone Municipal Utility District, appellant, brings this appeal from the granting of a summary judgment on all causes of action in favor of Monsanto Company, Armco, Inc., Armco Steel Company, and Turner, Collie & Braden, Inc., appellees. In seven points of error, appellant contends the trial court improperly granted summary judgment on the basis of limitations and on inadequate summary judgment proof. We reverse and remand.

Before we consider the merits of this appeal, we must deal with two procedural matters. Appellant originally filed this appeal with co-appellant, Kingsbridge Municipal Utility District. In its brief to this court, Kingsbridge was only mentioned in the first point of error. Appellees filed a motion to dismiss Kingsbridge from the appeal because the summary judgment did not include Kingsbridge. This motion was carried with the case and discussed with the parties at oral argument. At that time, counsel for Cornerstone and Kingsbridge acknowledged that Kingsbridge was not properly before this court and agreed to the dismissal of Kingsbridge from this appeal. Therefore, we so order the dismissal of Kingsbridge.

The second procedural matter deals with a "reply" brief filed by appellant less than two days before argument in this court. Although we do not grant appellees' motion to strike the reply brief, we do feel this matter warrants a discussion about a loophole in our rules of appellate procedure.

In their motion to strike appellant's reply brief, appellees claim appellant was merely trying to circumvent the rules of appellate procedure. Appellant's original brief was filed April 13, 1992; appellees' joint brief was filed May 8, 1992; but it was not until December 14, 1992, that appellant's reply brief was filed. Seven months after it had received appellee's brief, appellant found it necessary to file a reply. However, appellees claimed it was much more than a response to their brief—that it was in reality a reargument of the case and not a reply at all to their argument. Appellees pointed to thirty-seven cases cited in the reply brief that were not cited in appellant's original brief. Additionally, appellees claim the thirty-page reply brief, combined with appellant's original forty-six page brief, was a clear attempt to avoid the fifty-page limit provided by rule 74(h) of the Texas Rules of Appellate Procedure.

Appellant responded to appellees' motion to strike by simply stating its reply brief was within the provisions of the rules. Rule 74 does allow for the amendment or supplementation of briefs "at any time as justice requires." Tex.R.App.P. 74(o). Appellant correctly points out that 74(d) does not state that all briefs of a party combined must not exceed fifty pages. Appellant also correctly states that no rule requires leave of court to file a reply brief nor does any rule provide a deadline for filing such a brief. Therein lies the loophole.

The rules of appellate procedure provide deadlines for the original briefs of both appellant and appellee. See Tex.R.App.P. 74(k) & (m). The rules should specifically provide a deadline for the filing of a reply. A reply brief is supposed to be just that, a reply to the argument of one's opponent. Our rules should provide a set time period to respond to the other side's argument if it is necessary. They should also provide that in no case should a reply be filed without leave of court within a minimum number days before oral argument. For example, in a civil habeas corpus proceeding, the rules already require a reply brief to be filed "at least ten days prior to the date scheduled for oral argument." Tex. R.App.P. 120(f). We can see no reason for allowing the filing of a reply brief at "any time." Counsel should be able to determine whether a reply will be necessary once the original brief is received. Justice is not served by the filing of a reply to a brief just two days before argument when

the original brief had been in counsel's possession for seven months.

Appellant's counsel stated he had checked to see if this court had local rules for the filing of reply briefs and found none. The rules do allow the appeals courts of this state to promulgate local rules. TEX.R.APP.P. 1(b). However, we feel the Rules of Appellate Procedure themselves should speak to this problem. The aims of appellate justice are better served by a uniform body of rules that do not require the appellate practitioner to search for traps set by the fourteen appeals courts of this state. Although local rules might have some useful function in limited circumstances, they should not be used to bridge this gap provided by our rules. We urge the supreme court and the rules committee to remedy this situation.

■ In its first point of error, appellant contends the trial court improperly granted appellees' summary judgment based on limitations. Appellant argues it is exempt from the applicable statutes of limitations as provided by § 16.061 of the Texas Civil Practice and Remedies Code.[1] Appellees argue that because a "municipal utility district" (MUD) is not specifically mentioned, appellant cannot take advantage of this provision.

In a review of a summary judgment, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exists no genuine issue of material fact and he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979); TEX.R.CIV.P. 166a. The nonmovant is entitled to have all reasonable inferences made and all doubts resolved in his favor. *University of Texas Health Science Center at Houston v. Big Train Carpet of El Campo, Inc.* 739 S.W.2d 792 (Tex.1987).

Clearly, a MUD is not a county, an incorporated city or town, or a school district.

If § 16.061 is applicable at all, then it must be read to include appellant as a political subdivision under the exemption provided for the state. Appellees argue that § 16.-061 is clear, and that the legislature has had several opportunities to enumerate any and all political subdivisions it wanted to include since its original enactment as article 5517 in the Revised Civil Statutes. Appellees point to this statute's original enactment which included an exemption only for the state and its amendment in 1953 when counties, incorporated cities and all school districts were brought under its coverage. Act of May 19, 1953, 53rd Leg., 1953 Tex. Gen.Laws 857 *repealed by* Acts 1985, 69th Leg., ch. 959, § 9. In 1985, article 5517 was codified as § 16.061 and then amended again in 1989. *See* Acts 1985, 69th Leg., ch. 959, § 1, *amended by* Acts 1989, 71st Leg., ch. 2, § 4.02. Because the legislature did not enlarge the enumerated bodies exempt from limitations, appellees argue the rules of statutory construction do not allow the interpretation offered by appellant. We disagree.

As early as 1945, the common law of this state was interpreted to exempt political subdivisions from the general statute of limitations. *Jackson v. Nacogdoches County,* 188 S.W.2d 237, 238 (Tex.Civ. App.—Dallas 1945, no writ). The year before, the supreme court recognized that:

[i]rrigation districts, navigation districts, levee and improvement districts, and like political subdivisions created under Section 59a of Article XVI of the Constitution, and statutes enacted thereunder carrying out such constitutional provisions, are not classed with municipal corporations, but are held to be political subdivisions of the State, performing governmental functions, and standing upon the same footing as counties and other political subdivision established by law.

*Willacy County Water Control and Improvement Dist. No. 1 v. Abendroth,* 142

---

1. Section 16.061 provides:
   A right of action of this state, a county, an incorporated city or town, or a school district is not barred by any of the following sections: 16.001–16.004, 16.006, 16.007, 16.021–16.028, 16.030–16.032, 16.035–16.037, 16.051, 16.063, 16.065–16.067, 16.070, 16.071, 31.006, or 71.-021. TEX.CIV.PRAC. & REM.CODE ANN. § 16.061 (Vernon Supp.1993).

Tex. 320, 323, 177 S.W.2d 936, 937 (1944). Again in 1977, the supreme court found that a water authority created pursuant to statute as authorized by Article XVI, § 59 of the Texas Constitution was a political subdivision of the state and operated as a governmental agency performing governmental functions. *Clear Lake City Water Auth. v. Clear Lake Util. Co.*, 549 S.W.2d 385, 391 (Tex.1977). In 1976, a water conservation district was found not subject to a limitations defense because it was acting as a governmental subdivision and as such was entitled to the protection of former article 5517. *Lewis Cox & Son, Inc. v. High Plains Underground Water Conservation Dist. No. 1*, 538 S.W.2d 659, 663 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e.).

■ Appellant argues the above case law establishes that § 16.061 covers a MUD. We agree. When we are asked to interpret the meaning of a code we are assisted by the provision of the Code Construction Act. TEX.GOV'T CODE ANN. § 311.-002 (Vernon 1988). We may consider the object sought to be attained, the consequences of a particular construction, and the common law. *Id.* at § 311.023(1), (4) & (5). The case law supports appellant's interpretation. The common law established that governmental agencies were not constrained by a defense of limitations. In 1953 the legislature did nothing more than add the governmental agencies addressed by case law. Appellees would have us find that the use of the word "state" severely limits the coverage of § 16.061; that because all the various possible divisions of the state are not listed, they are not covered. However, appellees do not attempt to explain what they feel would be covered. What is meant by "state"? We find that the use of the word "state" is broad enough to cover all departments, agencies and political subdivisions that operate by and through the state. The legislature in 1953 listed all possible governmental bodies that operate throughout our state. A governmental unit, if it exists at all, receives its power through the state, counties, incorporated cities or towns, or school districts. Instead of reading § 16.061 in the limited fashion offered by appellees, we find the

legislature was explicit, covering all existing governmental agencies, including political subdivisions.

■ Having found § 16.061 broad enough to cover political subdivisions, we must determine if appellant fits into that category. Appellant operates as a MUD. A MUD is created under the authority of Article XVI, Section 59 of the Texas Constitution and § 54.011 of the Texas Water Code. The Water Code goes on to define a district as "a ... municipal utility district, ... or any other district or political subdivision of the state...." TEX.WATER CODE ANN. § 64.003(8) (Vernon 1988). This definition clearly shows the legislature has included a MUD as any other political subdivision of the state. More importantly, the constitution, in the provision providing for such districts, states:

> [t]here may be created within the State of Texas, or the State may be divided into, such number of conservation and reclamation districts as may be determined to be essential to the accomplishment of the purposes of this amendment to the constitution, *which districts shall be government agencies and bodies politic and corporate with such powers of government* and with the authority to exercise such rights, privileges and functions concerning the subject matter of this amendment as may be conferred by law.

TEX. CONST. art. XVI, § 59(b) (emphasis added). As a subdivision of the state, with the powers of the state, we find a MUD is included in the protection afforded by § 16.061. *See Brubaker v. Brookshire Mun. Water Dist.*, 808 S.W.2d 129, 131 (Tex.App.—Houston [14th Dist.] 1991, no writ) (finding MUD was a political subdivision of the state operating as governmental agency performing governmental functions). We follow the similar interpretation used to exempt a water conservation district from the defense of limitations. *See Lewis Cox & Son, Inc.*, 538 S.W.2d at 663.

As appellees' motion for summary judgment was based on defenses of limitations that are exempted by § 16.061, we find appellees were not entitled to a summary judgment as a matter of law and that the

granting of the motion by the trial court was improper. Appellant's first point of error is sustained.

Having found appellant to be protected by § 16.061, we do not find it necessary to address the denial of appellant's motion for partial summary judgment or its remaining points of error. We accordingly reverse the summary judgment and remand the case to the trial court for further proceedings.

JUNELL, J., not participating.