MONSANTO COMPANY, Armco, Inc., Armco Steel Company and Turner, Collie and Braden, Inc., Petitioners,

v.

CORNERSTONES MUNICIPAL UTILITY DISTRICT, Respondent.

No. D–3544.

Supreme Court of Texas.

Argued Sept. 14, 1993.

Decided Nov. 24, 1993.

Robert P. Quinn, Jr., Houston, Donald V. O'Biren, Chicago, IL, Steven B. Harris, Richard H. Edelman, Houston, Carol Coplan, Chicago, IL, John L. Hill, Austin, Kenneth E. McKay, Christopher B. Allen, Charles W. Lyman, M. Karinne McCullough, Houston, for petitioners.

Richard Warren Mithoff, Tommy Jacks, Scott Rothenberg, Houston, Catherine B. Fryer, Steve Bickerstaff, Carolyn F. Wright, Austin, Scott Douglas Cunningham, Houston, for respondent.

## OPINION

HIGHTOWER, Justice.

This summary judgment case requires that we determine whether section 16.061 of the Texas Civil Practice and Remedies Code[1] applies to municipal utility districts. Cornerstones Municipal Utility District ("Cornerstones") sued Monsanto Company and others (collectively "Monsanto") for alleged defects in the construction of its sanitary sewer system. The trial court rendered summary judgment, holding that all of Cornerstones' claims were barred by statutes of limitations. The court of appeals reversed and remanded, holding that Monsanto's motion for summary judgement was based on defenses of limitations that are exempted by section 16.061 of the Texas Civil Practice and Remedies Code ("section 16.061"). The court of appeals held that section 16.061 applied to Cornerstones

---

1. Section 16.061 provides:
A right of action of this state, a county, an incorporated city or town, or a school district is not barred by any of the following sections: 16.001–16.004, 16.006, 16.007, 16.021–16.028, 16.030–16.032, 16.035–16.037, 16.051, 16.062, 16.063, 16.065–16.067, 16.070, 16.071, 31.006, or 71.021.
Tex.Civ.Prac. & Rem.Code Ann § 16.061 (Vernon Supp.1993).

because (1) municipal utility districts are political subdivisions of the state;[2] and (2) "state" as used in section 16.061 encompasses such political subdivisions. 845 S.W.2d 444. For the reasons explained herein, we reverse and remand this cause to the court of appeals.

## I.

Section 16.061 is the successor statute to former Article 5517 of the Texas Revised Civil Statutes. Prior to its amendment in 1953, Article 5517 provided that "[t]he right of the State shall not be barred by any of the provisions of this title...." Acts of April 6, 1939, 46th Leg., 1939 Tex.Gen.Laws 485, *repealed by*, Acts 69th Leg., ch. 959, § 9, eff. Sept. 1985.

In 1953, Article 5517 was amended to expand the list of entities covered by the statute, providing that "[t]he right of the State, all counties, incorporated cities and all school districts shall not be barred by any of the provisions of this Title...." Acts of May 19, 1953, 53rd Leg., 1953 Tex.Gen.Laws 857, *repealed by*, Acts 69th Leg., ch. 959, § 9, eff. Sept. 1985.

In 1985, section 16.061 was enacted as a non-substantive codification of Article 5517. *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 655 (Tex.1989). In 1989, section 16.061 was amended to "conform it to the source law from which it was derived." SENATE COMM. ON STATE AFFAIRS, BILL ANALYSIS, Tex. H.B. 221, 71st Leg., R.S. (1989). Neither the 1985 codification nor the 1989 amendment expanded the list of entities encompassed by section 16.061.

## II.

Monsanto contends that a plain and literal reading of section 16.061 demonstrates that it does not apply to a municipal utility district such as Cornerstones. We agree.

■ The goal of statutory construction is to give effect to the intent of the legislature. *Harris County Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex.1991). "Where language in a statute is unambiguous, this court must seek the intent of the legislature as found in the plain and common meaning of the words and terms used." *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 352 (Tex.1990); *RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex.1985). When the legislature has failed to define a word or term, courts will apply its ordinary meaning. *Geters v. Eagle Ins. Co.*, 834 S.W.2d 49, 50 (Tex.1992); *Hopkins v. Spring Indep. School Dist.*, 736 S.W.2d 617, 619 (Tex.1987). When applying the ordinary meaning, courts "may not by implication enlarge the meaning of any word in the statute beyond its ordinary meaning, and implications from any statutory passage or word are *forbidden* when the legislative intent may be gathered from a reasonable interpretation of the statute *as it is written*." *Sexton v. Mount Olivet Cemetery Ass'n*, 720 S.W.2d 129, 138 (Tex.App.—Austin 1986, writ ref'd n.r.e.); *Commonwealth of Mass. v. United N. & S. Dev. Co.*, 140 Tex. 417, 168 S.W.2d 226, 229 (1942).

The language of section 16.061 is clear and unambiguous. The statute applies to "[a] right of action of this *state*, a county, an incorporated city or town, or a school district...." TEX.CIV.PRAC. & REM.CODE ANN. § 16.061 (emphasis added). The legislature has not defined "state" as it is used in section 16.061.[3] Consequently, we apply its ordinary meaning.

■ The ordinary meaning of "state," as it used by the Texas courts, envisions an entity

---

**2.** For the purposes of this opinion, we assume that a municipal utility district is a political subdivision of the state. However, because we hold that section 16.061 does not apply to political subdivisions, we do not reach that issue.

**3.** The Code Construction Act defines "state" as follows: " 'State,' when referring to a part of the United States, includes any state, district, commonwealth, territory, and insular possession of the United States and any area subject to the legislative authority of the United States of America." TEX.GOV'T CODE ANN. § 311.005(7) (Vernon 1988). This definition does not aid in our analysis when, as here, "state" is defined in terms of the relationship of the state to its component parts.

having statewide jurisdiction rather than an entity having local or limited jurisdiction. In *Guaranty Petroleum Corp. v. Armstrong,* 609 S.W.2d 529 (Tex.1980), we held that a navigation district created pursuant to article XVI, section 59 of the Texas Constitution [4] was a political subdivision of the state, and "not a 'department, board or agency of the state'...." *Id.* at 530. In reaching that conclusion, we recognized that

> [a] political subdivision differs from a department board or agency of the State. A political subdivision has jurisdiction over a portion of the State; a department, board or agency of the State exercises its jurisdiction throughout the State. Members of the governing body of a political subdivision are elected in local elections or are appointed by locally elected officials; those who govern departments, boards or agencies of the State are elected in statewide elections or are appointed by State officials. Political subdivisions have the power to assess and collect taxes; departments, boards and agencies do not have

that power. Our examination of a number of statutes shows that the legislature has consistently recognized these distinctions between departments, boards or agencies on the one hand and political subdivisions on the other.

*Id.* at 531 (footnote omitted).[5]

This interpretation of "state" comports with the legislature's ordinary use of the word. State government is defined generally in terms of the executive, legislative, and/or judicial branches, excluding entities with limited jurisdiction.[6]

■ To read "political subdivision" into "state" would by implication enlarge "state," and section 16.061, beyond their plain and ordinary meaning. Such implication is forbidden when, as here, the legislative intent may be determined from a reasonable interpretation of the statute as written. Applying the ordinary meaning of "state" to section 16.061, we conclude that it was the intent of the legislature to include within "state" only those entities having statewide jurisdiction.[7] Therefore, we hold that section 16.061 does

---

4. Municipal utility districts such as Cornerstones also are created under the authority of article XVI, section 59 of the Texas Constitution. TEX CONST. art. XVI, § 59; TEX.WATER CODE ANN. § 54.-011 (Vernon 1972).

5. *Guaranty Petroleum Corp.*, which distinguished "state" from "political subdivision," was written 5 years before the 1985 codification of Article 5517 and 9 years before the 1989 amendment of section 16.061. The legislature is presumed to have acted with knowledge of the *Guaranty Petroleum Corp.* distinction when it acted in 1985 and 1989. *Allen Sales & Servicenter, Inc. v. Ryan,* 525 S.W.2d 863, 866 (Tex.1975) (The legislature is presumed to have acted "with full knowledge of the existing conditions of the law and subject thereto unless the contrary is clearly indicated."). Its failure to expressly include political subdivisions other than counties, cities or towns, and school districts indicates an intent to exclude those not enumerated. *Cf. Woodward v. Ortiz,* 150 Tex. 75, 237 S.W.2d 286, 293 (1951) (holding that when enacting a statute relating to tax deeds, the legislature acts "with full knowledge of the construction our courts have given such deeds. It must be presumed that the legislature acted in the light of that knowledge and

knew the legal effect of the language it used....") (emphasis added).

6. *See, e.g.,* TEX.CIV.PRAC. & REM.CODE ANN. § 105.-001(3) (Vernon 1986); TEX.GOV'T CODE ANN. § 315.002 (Vernon 1988); *Id.* § 404.092 (Vernon 1990); *Id.* § 751.001(4) (Vernon Supp.1993); *Id.* § 783.003(3) and (4); TEX HEALTH & SAFETY CODE ANN. § 361.421(9) (Vernon 1992); TEX.HUM RES. CODE ANN § 74.001(5) (Vernon Supp.1993); TEX NAT.RES.CODE ANN. § 191.003(3) and (4) (Vernon Supp.1993); TEX.WATER CODE ANN. § 64.003(7) (Vernon 1988); TEX.REV CIV STAT.ANN. art. 715c, § 2(3) and (4) (Vernon Supp.1993); *Id.* art. 4413(33a), § 4(3); *Id.* art. 4413(34c), § 1(2) and (3); *Id.* art. 4413(203), § 1(1); *Id.* art. 4591.2, § 1(3); *Id.* art. 6252–3g, § 1.01(10) and (12); *Id.* art. 6252–5f, § 1(3); *Id.* art. 6252–9f, § 1(1); *Id.* art. 6252–11b, § 1(1); *Id.* art. 6252–11c, § 1(3); *Id.* art. 6252–16a, § 1(2) and (4); *Id.* art. 6252–30, § 1(1); *Id.* art. 8308–7.21(a).

7. To the extent that it conflicts with this opinion, we disapprove *Lewis Cox & Son, Inc. v. High Plains Underground Water Conservation Dist.,* 538 S.W.2d 659 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e.).

not apply to municipal utility districts such as Cornerstones.[8]

Cornerstones advanced several other points of error in the court of appeals but that court did not consider the points because of its erroneous interpretation of section 16.061. Consequently, we remand the entire cause to the court of appeals for further proceedings.

For the reasons explained herein, we reverse and remand this cause to the court of appeals.

PHILLIPS, C.J., and GONZALEZ, HECHT, CORNYN, GAMMAGE and SPECTOR, JJ., join in the opinion and the judgment.

DOGGETT and ENOCH, JJ., not sitting.

**8.** This literal construction is consistent with *Brazos River Auth. v. City of Graham,* 163 Tex. 167, 354 S.W.2d 99, 109 (Tex.1962) (refusing to depart from the literal meaning of Article 5517) and *Johnson v. City of Fort Worth,* 774 S.W.2d 653, 654–55 (Tex.1989) (refusing to expand the scope of section 16.061 and its predecessor Article 5517 to include a statute of repose protecting architects).