OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



January 12, 2001

The Honorable J.E. "Buster" Brown
Chair, Committee on Natural Resources
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0331

Re: Whether chapter 283 of the Local Govern-ment Code requires a municipality to apply a certificated telecommunications provider excavation permit ordinance to entities other than certificated telecommunication providers (RQ-0277-JC)

Dear Senator Brown:

Chapter 283 of the Local Government Code governs management of municipal public right-of-way use by certificated telecommunications providers. It allows a municipality to require a certificated telecommunications provider to obtain a construction permit before locating facilities in or on a public right-of-way, but directs that "[t]he terms of the permit shall be consistent with construction permits issued to other persons excavating in a public right-of-way." TEX. LOC. GOV'T CODE ANN. § 283.056(b) (Vernon Supp. 2000). The statute further provides that a "municipality may exercise those police power-based regulations in the management of a public right-of-way that apply to all persons within the municipality." *Id.* § 283.056(c). You ask us whether these provisions require a municipality to apply a certificated telecommunications provider excavation permit ordinance to entities other than certificated telecommunications providers. We conclude in the negative. We also conclude that these provisions in chapter 283 do not require identical permits or regulations for certificated telecommunication providers and all other entities that excavate in the municipal rights-of-way.

Chapter 283 of the Local Government Code was enacted to encourage competition among telecommunication providers by ensuring access to municipal rights-of-way in a reasonable, nondiscriminatory, and competitively neutral manner. *See id.* § 283.001. It does this by imposing a statewide, uniform compensation scheme for the use of municipal public rights-of-way by certificated telecommunication providers[1] ("CTP" or "CTPs") and generally restricting municipal regulation of that use to that reasonably necessary to ensure the health, safety, and welfare of the

---

[1]A "certificated telecommunications provider" is "a person who has been issued a certificate of convenience and necessity, certificate of operating authority, or service provider certificate of operating authority by the [Public Utility Commission] to offer local exchange telephone service." TEX. LOC. GOV'T CODE ANN. § 283.002(2) (Vernon Supp. 2000).

public. *See id.* § 283.001(b), (c); *see generally id.* §§ 283.001-.058 (chapter 283, Local Government Code). A CTP is required to compensate a municipality for the use of a public right-of-way only in the amount determined by the Public Utility Commission in accordance with the statute. *See id.* § 283.051(a); *see also id.* § 283.056(a)-(f) ("Prohibition on Other Fees and Charges"). A CTP that complies with the requirements of chapter 283 "may erect poles or construct conduit, cable, switches . . . and excavate within a public right-of-way to provide telecommunications service," *id.* § 283.052(a)(1), and is not subject to any municipal franchise requirements. *See id.* § 283.052(a)(2).

A municipality may require a construction permit for locating telecommunications service facilities in the public rights-of-way, but the municipality is constrained in the terms it may impose. With respect to construction permits, section 283.056 provides in pertinent part:

> (b) Notwithstanding any other law or any other provision of this chapter, a municipality may require the issuance of a construction permit without cost to a certificated telecommunications provider locating facilities in or on public rights-of-way within the municipality. *The terms of the permit shall be consistent with construction permits issued to other persons excavating in a public right-of-way.*
>
> (c) *A municipality may exercise those police power-based regulations in the management of a public right-of-way that apply to all persons within the municipality.* A municipality may exercise police power-based regulations in the management of the activities of certificated telecommunications providers within a public right-of-way only to the extent that they are reasonably necessary to protect the health, safety, and welfare of the public.

*Id.* § 283.056(b), (c) (emphasis added).

It has been suggested, you tell us, that subsections (b) and (c) require municipalities to issue identical permits to CTPs and to all other entities that use municipal rights-of-way regardless of the nature of the entity utilizing the right-of-way.[2] You specifically ask us:

> Does Chapter 283 . . . require a municipality that adopts an ordinance requiring a permit for excavation in the public right-of-way by a certified telecommunications provider, to apply the ordinance to entities other than those regulated by Chapter 283, such as a utility company that has a franchise with the municipality relating to the

---

[2]*See* Letter from Honorable J. E. "Buster" Brown, Chair, Committee on Natural Resources, Texas State Senate, to Honorable John Cornyn, Texas Attorney General at 1 (Aug. 17, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

utility's use of the right-of-way or to the municipality's own water
and sewer operations?

Request Letter, note 2, at 2.   You do not provide a copy of such ordinance or describe its contents. Based on your concern with subsections (b) and (c), we assume that such an ordinance not only requires a CTP to obtain an excavation permit, but also sets forth conditions that apply to CTP excavations in a public right-of-way within a municipality.[3]

We conclude that chapter 283 does not require a municipality to apply a CTP excavation permit ordinance to entities other than CTPs.  No provision in chapter 283 expressly so requires. Nor does chapter 283 implicitly require such application.  All the briefs submitted to this office agree that chapter 283 does not apply to entities other than CTPs.[4]

The statute by its terms applies "only to municipal regulations and fees imposed on and collected from certificated telecommunications providers." TEX. LOC. GOV'T CODE ANN. § 283.004 (Vernon Supp. 2000).  The stated policy of the  legislation is to "encourage competition in the provision of telecommunications services" and to allow municipalities to be fairly compensated for the use of municipal rights-of-way while retaining the authority to manage those rights-of-way to "ensure the health, safety, and welfare of the public." Id. § 283.001(a), (b).  Its stated purpose is to establish an administratively simple, competitively neutral, and uniform method for compensating municipalities for the use of rights-of-way by CTPs. See id. § 283.001(c).

Consistent with its stated scope, policy,  and purpose, the substance of chapter 283 deals only with CTPs. See generally id. §§ 283.001-.058 (chapter 283, Local Government Code).  It provides

---

[3]We understand that police power-based regulations as applied to management of public rights-of-way typically include provisions regarding restrictions on excavations, procedures for cutting streets, procedures for detouring traffic, procedures for erecting barricades, requirements for street and right-of-way restoration, requirements for tree-trimming around overhead lines, inspection, and other similar provisions in addition to the requirement of an excavation permit. See Brief from Mr. Monte Akers, Director of Legal Services, Texas Municipal League, to Ms. Susan D. Gusky, Chair, Opinion Committee, Office of the Attorney General, at 4-5 (Oct. 6, 2000) (on file with Opinion Committee) [hereinafter TML Brief].

[4]See id.; Brief from Honorable Steven D. Wolens, Chair, State Affairs Committee, Texas State House of Representatives, to Honorable John Cornyn, Texas Attorney General (Sept. 29, 2000); Brief from Deborah F. McAbee, Senior Assistant City Attorney, City of Houston, to Honorable John Cornyn, Texas Attorney General (Oct. 6, 2000); Brief on behalf of Reliant Energy, Inc., from C. Brian Cassidy, Locke, Liddell & Sapp, L.L.P., to Honorable John Cornyn, Texas Attorney General (Oct. 9, 2000); Brief on behalf of Southwestern Bell Telephone Company, AT&T Communications of Texas, L.P., Caprock Telecommunications Corp., E-Spire Communications, Inc., Global Crossing Telemanagement, Inc., Metromedia Fiber Network Services, Inc., Allegiance Telecom, Inc., Intermedia Communications, Inc., Time Warner Telecom of Texas, L.P., Verizon Communications, and Texas Telephone Ass'n, from David F. Brown, Attorney, Michael Jewell, Attorney, Diane M. Barlow, Attorney, Thomas A. Clarke, Assistant Vice President of Governmental Affairs, Verizon Communications, and Brook Bennett Brown, Attorney, McGinnis, Lochridge & Kilgore, L.P., to Honorable John Cornyn, Texas Attorney General (Oct. 20, 2000); Brief from W.D. Arnold, President, Texas Cable & Telecommunications Ass'n, to Honorable John Cornyn, Texas Attorney General (Oct. 20, 2000) (all briefs on file with Opinion Committee).

that a CTP must pay a municipality only the fee set out in the statute as compensation for the use of public rights-of-way, *see id.* § 283.051(a); that a CTP complying with the statute "may erect poles or construct conduit, cable, switches, and related appurtenances and facilities and excavate within a public right-of-way to provide telecommunications service," *id.* § 283.052(a)(1); that a CTP which complies with chapter 283 "is not subject to municipal franchise requirements," *id.* § 283.052(a)(2); *see also id.* § 283.054(a) (dealing with existing CTP franchise agreements or ordinances); and for CTP indemnification of a municipality against any claims, costs, or damages resulting from a CTP's actions or omissions while installing or maintaining facilities in the public rights-of-way, *see id.* § 283.057. In short, chapter 283 contains detailed and comprehensive provisions governing only CTPs. It does not govern other entities. If the legislature had intended chapter 283 to apply to other entities' use of the public rights-of-way, it would have so expressly provided.

The more significant question raised by your request is whether subsections (b) and (c) of section 283.056 require identical permits or regulations for CTPs and all other entities that excavate in the municipal rights-of-way. We conclude in the negative.

Section 283.056(b) requires the terms of a CTP excavation permit to be "consistent" with construction permits issued to other persons excavating in a public right-of-way. *See id.* § 283.056(b). While not defined in chapter 283, the ordinary meaning of the term "consistent," in this context, is "[a]greeing or according in substance or form; congruous, compatible." III OXFORD ENGLISH DICTIONARY 773 (2d ed. 1989); *Monsanto Co. v. Cornerstones Mun. Util. Dist.*, 865 S.W.2d 937, 939 (Tex. 1993) (stating that when legislature fails to define a word, it is to be given its ordinary meaning); *see also* TEX. GOV'T CODE ANN. § 311.011 (Vernon 1998) (directing that words and phrases shall be read in context and construed according to rules of grammar and common usage). Thus the CTP excavation permit terms must be congruent to or compatible with those in other municipal right-of-way excavation permits; they do not have to be identical. Construed in light of the stated purpose and policy of chapter 283 to provide a competitively neutral and nondiscriminatory method for regulating CTPs' use of municipal rights-of-way, *see* TEX. LOC. GOV'T CODE ANN. § 283.001 (Vernon Supp. 2000), we believe section 283.056(b) simply requires a city to treat CTPs excavating in the public rights-of-way as the city would treat other entities undertaking similar excavations in the city's rights-of-way.

In a similar vein, section 283.056(c) authorizes a municipality to exercise those police power-based regulations[5] in the management of a public right-of-way that apply to all persons within the municipality. *See id.* § 283.056(c). Subsection (c) viewed in isolation could be read to allow a city to impose regulations on CTPs only if they are also imposed on other entities. But under established principles of statutory construction, that provision's meaning cannot be determined by looking at it in isolation and outside the context of the remainder of the statute. *See Bridgestone/Firestone, Inc.*

---

[5]Police power regulations are regulations reasonably necessary to protect the health, safety, and welfare of the public. *See, e.g., City of College Station v. Turtle Rock Corp.*, 680 S.W.2d 802, 804 (Tex. 1984) (city may enact reasonable regulations to promote health, safety, and general welfare of its people in valid exercise of its police power); *see generally* 52 TEX. JUR. 3D *Municipal Corporations* § 305 (1999).

*v. Glyn-Jones*, 878 S.W.2d 132, 133 (Tex. 1994); *Sharp v. House of Lloyd, Inc.*, 815 S.W.2d 245, 249 (Tex. 1991); *Sayre v. Mullins*, 681 S.W.2d 25, 27 (Tex. 1984); *see also Barr v. Bernhard*, 562 S.W.2d 844, 849 (Tex. 1978) (court must look to entire act, not just one provision, to determine legislative intent; one provision cannot be given meaning out of harmony or inconsistent with other provisions even though susceptible of such construction standing alone). We must consider the entire statute, its nature and object, and the consequences that would follow from a proposed construction. *See Bridgestone/Firestone, Inc.*, 878 S.W.2d at 133; *Sharp*, 815 S.W.2d at 249; *Sayre*, 681 S.W.2d at 27; *see also* TEX. GOV'T CODE ANN. § 311.023 (Vernon 1998) (providing that in construing statute, court may consider legislative objective, circumstances under which statute was enacted, legislative history, and consequences of particular construction).

Looking at the statute as a whole, the more reasonable reading is that it authorizes a city to impose on CTPs' excavations only those regulations that are necessary to protect the health, safety, and welfare of the public and provided that it does so in a nondiscriminatory and competitively neutral manner. This construction comports with the legislative objective set forth in other provisions of subsection (c) and chapter 283 generally: to allow municipalities to exercise their police powers as reasonably necessary for the protection of the public in the management of public right-of-way use by CTPs — and only CTPs — in a nondiscriminatory and competitively neutral manner. *See, e.g.*, TEX. LOC. GOV'T CODE ANN. § 283.001(b)(1) (Vernon Supp. 2000) (providing that state policy is that cities retain authority to manage public right-of-way within municipality to ensure health, safety, and welfare of public), (c) (purpose of chapter 283 to provide competitively neutral and nondiscriminatory method for regulating CTPs' use of municipal rights-of-way); *id.* § 283.004 (providing that application of chapter limited to municipal regulations and fees imposed on and collected from CTPs); *id.* § 283.056(c) (stating that city may exercise police power-based regulations only to extent reasonably necessary to protect the health, safety, and welfare of public and that any such regulation must be competitively neutral and may not be unreasonable or discriminatory).

In contrast, a construction of section 283.056(c) that allowed a city to impose only those regulations that actually apply to all persons in the city would undermine the legislative objective because it would require either discrimination in favor of a CTP to the detriment of the public or extension of the regulatory effect of chapter 283 to entities other than CTPs. Under this construction of subsection (c), a city could apply only the most general regulations — those imposed on all entities — to CTP excavations irrespective of what is reasonably necessary to protect the health, safety, and welfare of the public in the circumstances. Alternatively, a city would have to apply the CTP excavation regulations necessary to protect the health, safety, and welfare of the public with respect to excavations for telecommunications purposes to all other types of excavations irrespective of whether the CTP regulations are relevant to those excavation activities. We do not believe that the legislature intended such results. *See* TEX. GOV'T CODE ANN. § 311.021(3) (Vernon 1998) (providing that in enacting statute, it is presumed that just and reasonable result is intended); *id.* § 311.021(5) (providing that in enacting statute, it is presumed that public interest is favored over any private interest); *see also Bridgestone/Firestone, Inc.*, 878 S.W.2d at 135 ("[I]n some

circumstances, words, no matter how plain, will not be construed to cause a result the Legislature almost certainly could not have intended.") (Hecht, J. concurring).

## S U M M A R Y

Chapter 283 of the Local Government Code does not require a municipality to apply a certificated telecommunications provider excavation permit ordinance to entities other than certificated telecommunications providers. Additionally, chapter 283 does not require identical permits or regulations for certificated telecommunication providers and all other entities that excavate in the municipal rights-of-way.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General - Opinion Committee