February 16, 2010

Mr. Robert Scott
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. GA-0759

Re: Authority of a licensing agency to obtain criminal history information regarding an applicant (RQ-0820-GA)

Dear Mr. Scott:

In 2009, the Legislature enacted subchapter D of chapter 53 of the Texas Occupations Code, which authorizes a potential applicant for a business, professional, or occupational license[1] to request from the licensing authority a criminal history[2] evaluation letter regarding the person's eligibility for the license. *See* Act of May 31, 2009, 81st Leg., R.S., ch. 616, § 1, 2009 Tex. Gen. Laws 1400, 1401. The statute is intended to permit applicants with a criminal history to find out whether that history makes them ineligible for a license before expending time, effort, or money for training or taking a licensing examination.[3]

You seek our advice about the Texas Education Agency's (the "TEA") authority under subchapter D to require a potential applicant seeking a criminal history evaluation letter to submit

---

[1]Chapter 53 does not apply to certain persons and licenses, such as licenses issued by or under the authority of the Supreme Court of Texas. *See* TEX. OCC. CODE ANN. § 53.002(1) (Vernon Supp. 2009).

[2]The statute does not define "criminal history" or "criminal history information"; nor does it suggest that the meaning of those terms is limited to "criminal history record information" ("CHRI") as defined, for instance, in Government Code section 411.082(2). *See id.* §§ 53.101–.105; TEX. GOV'T CODE ANN. § 411.082(2) (Vernon 2005) (defining CHRI as "information collected about a person by a criminal justice agency that consists of identifiable descriptions and notations of arrests, detention, indictments, informations, and other formal criminal charges and their dispositions").

[3]*See* TEX. OCC. CODE ANN. §§ 53.102, .104 (Vernon Supp. 2009); *see also* SENATE RESEARCH CENTER, BILL ANALYSIS, Tex. H.B. 963, 81st Leg., R.S. (2009) (explaining that the legislation requires licensing authorities to "create a . . . process by which applicants with a criminal background may request a criminal history evaluation letter to determine the applicant's eligibility for licensure prior to beginning occupational training or investing in a licensing examination").

"complete information to allow investigation" and TEA's duty to consider "all facts involved in the criminal history at the time of issuing" the letter.[4]

The TEA, you inform us, evaluates applicants for a public school educator certificate and resolves "issues involving criminal history and other conduct that may have an effect on fitness to hold a Texas educator certificate" for the State Board for Educator Certification (the "SBEC"). Request Letter at 1; *see also* TEX. EDUC. CODE ANN. § 21.035 (Vernon Supp. 2009) ("The [TEA] shall provide the [SBEC]'s administrative functions and services."). "The SBEC is the agency responsible for the licensing and discipline of certified educators in Texas." *Lake Travis Indep. Sch. Dist. v. Lovelace*, 243 S.W.3d 244, 248 n.2 (Tex. App.—Austin 2007, no pet.).[5] As a licensing agency, the SBEC is subject to subchapter D of chapter 53 of the Occupations Code requiring a licensing authority to determine a potential applicant's eligibility in response to a request seeking a criminal history evaluation letter. *See* TEX. OCC. CODE ANN. §§ 53.101(1)–(2) (Vernon Supp. 2009) (defining "license" and "licensing authority"), 53.102 (authorizing request), 53.103 (providing authority to investigate), 53.104 (requiring licensing authority to make a determination of eligibility or ineligibility).

Section 53.102 in subchapter D provides that:

> (a)  A person may request a licensing authority to issue a criminal history evaluation letter regarding the person's eligibility for a license issued by that authority if the person:
>
> (1)   is enrolled or planning to enroll in an educational program that prepares a person for an initial license or is planning to take an examination for an initial license; and
>
> (2)   has reason to believe that the person is ineligible for the license due to a conviction or deferred adjudication for a felony or misdemeanor offense.
>
> (b)  The request must state the basis for the person's potential ineligibility.

*Id.* § 53.102.

---

[4]*See* Request Letter at 1–3 (*available at* http://www.texasattorneygeneral.gov). You specifically note that the legislation enacting subchapter D requires an entity subject to its provisions to "adopt rules necessary to administer Subchapter D" no later than September 1, 2010. Act of May 31, 2009, 81st Leg., R.S., ch. 616, § 2, 2009 Tex. Gen. Laws 1400, 1401; *see* Request Letter at 1. However, you do not ask about any particular or proposed rules.

[5]Chapter 21 of the Education Code establishes the SBEC, which is responsible for regulating and overseeing "all aspects of the certification, continuing education, and standards of conduct of public school educators." TEX. EDUC. CODE ANN. § 21.031(a) (Vernon 2006); *see also id.* § 21.003(a) (Vernon Supp. 2009) (providing that a school district may not employ a person as an educator unless the person is certified or issued a permit by the SBEC).

In response to such a request, section 53.104 requires a licensing authority to issue a notice or a letter regarding the persons eligibility:

> (a) If a licensing authority determines that a ground for ineligibility does not exist, the authority shall notify the requestor in writing of the authority's determination on each ground of potential ineligibility.

> (b) If a licensing authority determines that the requestor is ineligible for a license, the licensing authority shall issue a letter setting out each basis for potential ineligibility and the authority's determination as to eligibility. In the absence of new evidence known to but not disclosed by the requestor or not reasonably available to the licensing authority at the time the letter is issued, the authority's ruling on the request determines the requestor's eligibility with respect to the grounds for potential ineligibility set out in the letter.

> (c) A licensing authority must provide notice under Subsection (a) or issue a letter under Subsection (b) not later than the 90th day after the date the authority receives the request.

*Id.* § 53.104.

Your first question asks: "May an agency require a potential applicant seeking a criminal history evaluation letter to submit an application containing complete information to allow investigation?" Request Letter at 2. You do not explain what you mean by "complete information" or "investigation," nor identify the legal basis of your concern.

We consider first whether any provision in subchapter D restricts the information that a licensing authority may ask a requestor seeking a criminal history evaluation letter to submit. Section 53.102(a) authorizes a request for a "criminal history evaluation letter" if the requestor "has reason to believe that the person is ineligible for the license *due to a conviction or deferred adjudication for a felony or misdemeanor offense.*" TEX. OCC. CODE ANN. § 53.102 (a)(2) (Vernon Supp. 2009) (emphasis added). Additionally, section 53.102(b) requires the request to "state the basis for the person's potential ineligibility." *Id.* § 53.102(b). While subsection (b), when read in conjunction with subsection (a), requires a statement of at least the conviction or deferred adjudication for the offense that may potentially render the requestor ineligible, the plain language of the statute does not limit the request to providing only that information. *See Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex. 2008) ("If the statute's language is unambiguous, its plain meaning will prevail."). Section 53.102 does not restrict the information that may be required in a request to a statement of the conviction or deferred adjudication that may be the grounds for the potential ineligibility.

We next consider the express responsibilities and powers conferred on the SBEC as a licensing authority under subchapter D and its implied powers reasonably necessary to carry out

those express powers and responsibilities. *See Tex. Mun. Power Agency v. Pub. Util. Comm'n*, 253 S.W.3d 184, 192–93 (Tex. 2007) (stating that a legislatively created state agency has the powers expressly conferred on it by the Legislature and "'implied powers that are reasonably necessary to carry out the express responsibilities given to it by the Legislature'" (quoting *Pub. Util. Comm'n v. City Pub. Serv. Bd.*, 53 S.W.3d 310, 315 (Tex. 2001))). In response to a section 53.102 request, section 53.104 expressly imposes on a licensing authority the responsibility to determine eligibility with respect to the grounds of ineligibility set out in the request. *See* TEX. OCC. CODE ANN. § 53.104(a)–(b) (Vernon Supp. 2009). Additionally, section 53.103 expressly provides that a "licensing authority has the *same powers to investigate a request* [for a criminal history evaluation letter] submitted under this subchapter [D] *and the requestor's eligibility* that the authority has to investigate a person applying for a license." *Id.* § 53.103 (emphasis added). Subchapter D does not define the term "investigate," and we do not find a relevant judicial definition of the term. Undefined terms are typically given their ordinary meaning. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005); *Monsanto Co. v. Cornerstones Mun. Util. Dist.*, 865 S.W.2d 937, 939 (Tex. 1993). The ordinary meaning of the term "investigate" is to "carry out a systematic or formal inquiry to discover and examine the facts of (an incident, allegation, etc.) so as to establish the truth[.]" THE NEW OXFORD AMERICAN DICTIONARY 893 (2001). Applying this ordinary meaning, a licensing authority has the same authority to discover and examine facts with respect to a request for a criminal history evaluation letter as it has with respect to an applicant for a license. Thus, we believe the SBEC's authority to investigate encompasses the authority to obtain more information than just the fact of the conviction or deferred adjudication for a felony or misdemeanor offense. For instance, under Education Code section 22.082, the SBEC is specifically empowered to obtain "from any law enforcement or criminal justice agency all criminal history record information and all records contained in any closed criminal investigation file that relate to a specific applicant for or holder of a certificate." TEX. EDUC. CODE ANN. § 22.082 (Vernon Supp. 2009).

Significantly, both under chapter 53 of the Occupations Code and chapter 21 of the Education Code, the fact of a conviction or deferred adjudication for a felony or misdemeanor offense does not automatically or by itself render an applicant ineligible for a certificate. A determination of ineligibility for conviction of a criminal offense is discretionary and requires consideration of additional information. *See* TEX. OCC. CODE ANN. §§ 53.021–.23 (Vernon 2004 & Supp. 2009); TEX. EDUC. CODE ANN. § 21.060 (Vernon Supp. 2009). Occupations Code section 53.021(a) and Education Code section 21.060 permit, but do not require, the SBEC to disqualify an applicant based on a conviction of an offense directly related to the duties and responsibilities of the education profession or other specifically described offenses. *See* TEX. OCC. CODE ANN. § 53.021(a) (Vernon Supp. 2009); TEX. EDUC. CODE ANN. § 21.060 (Vernon Supp. 2009); *see also* Tex. Att'y Gen. Op. No. GA-0614 (2008) at 4–5 (construing section 21.060 to provide a nonexclusive list of offenses and to create discretionary authority in the SBEC to take action for the listed offenses). Pursuant to Occupations Code sections 53.022 and 53.023, in determining whether the offense relates to the profession's duties and responsibilities, the SBEC must consider various factors, including the following: the seriousness of the offense; the relationship of the offense to the person's fitness to perform his duties; the extent and nature of the person's criminal activity; and the age of the person when the crime was committed. *See* TEX. OCC. CODE ANN. §§ 53.022–.023 (Vernon 2004).

Based on the express powers and responsibilities conferred by Occupations Code chapter 53 and Texas Education Code chapter 21 on the SBEC, we conclude that it has the implied authority to require that a request seeking a criminal history evaluation letter contain any information necessary to allow an investigation and a determination as to eligibility on the basis of the criminal conviction or deferred adjudication set out in the request. *See City Pub. Serv. Bd.*, 53 S.W.3d at 316 ("when the Legislature expressly confers a power on an agency, it also impliedly intends that the agency have whatever powers are reasonably necessary to fulfill its express functions or duties"). What information may be necessary for that purpose is a matter within the reasonable discretion of the SBEC in the first instance. *Cf.* Tex. Att'y Gen. Op. No. JC-0566 (2002) at 4 (concluding that "[w]hat other information the SBEC may deem sufficient for the purpose of [its certification rule] is a matter within its discretion, so long as that discretion is not exercised arbitrarily and capriciously" (citing *Occidental Permian, Ltd. v. R.R. Comm'n*, 47 S.W.3d 801, 806 (Tex. App.—Austin 2001, no. pet.))).

Your second question asks: "Must an agency consider all facts involved in the criminal history at the time of issuing a criminal history evaluation letter?" Request Letter at 2. You note that Occupations Code section 53.104(b) "could be read as requiring the licensing agency to evaluate and make a determination regarding the factual circumstances that led to the conviction." *Id.* You provide the following example:

> For example, TEA and SBEC have not generally considered a single conviction for driving while intoxicated to disqualify an applicant. However, a determination that the offense took place while transporting students at a school event might result in a denial. Criminal history records may not have sufficient detail to allow that type of evaluation.

*Id.* at 2–3.

If a licensing authority determines that the requestor of a criminal history evaluation letter is ineligible, section 53.104(b) requires the authority to issue a letter and further provides as follows:

> In the absence of new evidence known to but not disclosed by the requestor or not reasonably available to the licensing authority at the time the letter is issued, the authority's ruling on the request determines the requestor's eligibility with respect to the grounds for potential ineligibility set out in the letter.

TEX. OCC. CODE ANN. § 53.104(b) (Vernon Supp. 2009).

In construing subsection (b), we look to its plain language and the purpose of the statute as a whole, which is to permit potential applicants to find out whether their particular criminal history makes them ineligible for a license before expending time, effort, or money for training or taking a licensing examination. *See supra* note 3; *Leland*, 257 S.W.3d at 206 (stating that the objective of

statutory construction is to determine the Legislature's intent, which is determined by the plain meaning of the statutory words); *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001) (stating that in determining legislative intent, a court may consider "the object sought to be obtained" and "must always consider the statute as a whole rather than its isolated provisions"). Applying these statutory construction principles, we read section 53.104(b) to contemplate that the licensing authority's ruling as to eligibility will be determinative with respect to the grounds on which it is based—the criminal conviction or deferred adjudication for a misdemeanor or felony offense—except in limited circumstances. The described limited circumstances, i.e., when information is known to but is not disclosed by the requestor or is not reasonably available to the agency, contemplate that the agency will obtain all reasonably available information necessary to make the required determination.

Accordingly, in answer to your second question, we conclude that a licensing authority must consider all the evidence relevant to the determination of eligibility with respect to the conviction or deferred adjudication at issue that is reasonably available to the agency at the time of issuing the criminal history evaluation letter.[6] What information is "reasonably available" in this context is largely a question of fact—because it will depend on the particular circumstances confronting the licensing authority—that must necessarily be determined by the licensing authority in the first instance. *See* Tex. Att'y Gen. Op. No. GA-0648 (2008) at 7 (explaining that disputed questions of fact or mixed questions of law and fact cannot be resolved in an attorney general opinion).

---

[6]We note that the Legislature recognized that the investigation and evaluation required to determine eligibility would impose additional costs as evidenced by Occupations Code section 53.105, which specifically authorizes a licensing authority to adopt fees that "must be in an amount sufficient to cover the cost of administering the chapter." TEX. OCC. CODE ANN. § 53.105 (Vernon Supp. 2009); *see also* Request Letter at 2 ("A requirement to evaluate any 'evidence . . . reasonably available' beyond the existence of criminal history could require a licensing agency to commit significant resources to investigate criminal history records.").

## S U M M A R Y

Subchapter D of chapter 53 of the Texas Occupations Code authorizes a potential applicant for a business, professional, or occupational license to request from the licensing authority a criminal history evaluation letter regarding the person's eligibility for the license. The State Board for Educator Certification (the "SBEC") is authorized to require that such a request contain any information necessary to allow an investigation and a determination as to eligibility on the basis of the criminal conviction or deferred adjudication set out in the request. What information may be necessary for that purpose is a matter within the reasonable discretion of the SBEC in the first instance.

Under section 53.104(b), a licensing authority must consider all the evidence relevant to the determination of eligibility with respect to the conviction or deferred adjudication at issue that is reasonably available to the agency at the time of issuing the criminal history evaluation letter. What information is "reasonably available" in this context is largely a question of fact that must necessarily be determined by the licensing authority in the first instance.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee