The UNIVERSITY OF TEXAS
HEALTH SCIENCE CENTER
AT HOUSTON, Appellant,

v.

Anita CROWDER, Individually and as The Personal Representative of The Estate of Charles Thomas; Rosemary Thomas And Columbus Thomas, Appellees.

No. 14–10–00092–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 14, 2011.

Rehearing Overruled Aug. 10, 2011.

Reconsideration En Banc Overruled
Sept. 29, 2011.

Kamilla Lane Stokes, Austin, for appellant.

John R. Strawn, Jr., Amber Lynn Anderson, W.D. Hammond, Victoria Parish Skinner, Houston, for appellees.

Panel consists of Justices ANDERSON, FROST, and BROWN.

## OPINION

KEM THOMPSON FROST, Justice.

The wife and parents of a man who died following surgery at a hospital sued a governmental unit, a doctor employed by the unit, and other defendants, asserting wrongful death and survival claims based on the alleged negligence of the attending anesthesiologist and an anesthesiology resident employed by the governmental unit. The trial court denied the governmental unit's motion to dismiss the claims against its employee under section 101.106(e) of the Texas Civil Practice and Remedies Code. Applying precedent from the Supreme Court of Texas, we conclude that the trial court erred in denying this motion. For this reason, we reverse and remand with instructions for the trial court

to dismiss the claims against the employee of the governmental unit.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Charles Thomas, a 27-year-old athlete, checked into Memorial Hermann Hospital on February 20, 2007, for a scheduled, elective, arthroscopic surgery on his hip. Dr. Catherine Uzoni–Boecker, the attending anesthesiologist, ordered a lumbar plexus block, a specific type of anesthesia. Under Dr. Uzoni–Boecker's supervision, an anesthesiology resident, Dr. Katherine Blalock Hagan, administered the anesthetic. Dr. Hagan allegedly injected the anesthetic, ropivacaine, directly into Thomas's vein, allegedly causing cardiopulmonary failure and complications that, on April 24, 2007, resulted in Thomas's death.

Appellee/plaintiff Anita Crowder, Thomas's widow, filed suit against Dr. Uzoni–Boecker, appellant/defendant The University of Texas Health Science Center at Houston (hereinafter, the "Health Science Center"), The University of Texas Medical Foundation, Memorial Hermann Hospital System, and Memorial Hermann Healthcare System. Crowder alleged that the defendants' negligence proximately caused her husband's injuries and death, and she sought damages under the wrongful-death and survival statutes. Thomas's parents, appellees/intervenors Rosemary Thomas and Columbus Thomas (hereinafter, the "Parents") intervened, asserting wrongful-death claims similar to the wrongful-death claim asserted by Crowder. Neither Crowder nor the Parents sued Dr. Hagan.

The Health Science Center filed a plea to the jurisdiction asserting governmental immunity.[1] The Health Science Center also filed a motion under section 101.106(e) of the Texas Civil Practice and Remedies Code,[2] seeking dismissal of the claims against Dr. Uzoni–Boecker. The Health Science Center later supplemented this motion and also sought dismissal of the claims against Dr. Uzoni–Boecker under section 101.106(a). Crowder and the Parents (hereinafter collectively the "Claimants") opposed this motion. The trial court denied the Health Science Center's motion, and the Health Science Center has filed an interlocutory appeal.

## II. ANALYSIS

In its sole appellate issue, the Health Science Center asserts that the trial court erred in denying the Health Science Center's motion to dismiss the claims against Dr. Uzoni–Boecker under section 101.106(e).

### A. Does this court have appellate jurisdiction?

■ The Health Science Center asserts that we have jurisdiction over this interlocutory appeal under section 51.014(a)(5). See TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a) (West 2008). This statute allows a person to appeal from an interlocutory order of a district court that (1) denies (2) a motion for summary judgment (3) that is based on an assertion of immunity (4) by an individual who is an officer or employee (5) of the state or a political subdivision of the state. See id.

■ The order from which the Health Science Center seeks to appeal is an interlocutory order in which a district court denied the Health Science Center's motion. But, the Health Science Center's motion was a motion to dismiss under section 101.106(e); the Health Science Center did

---

1. The record indicates that the trial court has not yet ruled on this plea.

2. Unless otherwise stated, all statutory references in this opinion are to the Texas Civil Practice and Remedies Code.

not assert a motion for summary judgment. The Supreme Court of Texas has not yet addressed whether a person can appeal the denial of a motion to dismiss, rather than a motion for summary judgment, under section 51.014(a)(5).[3] Though the Texas intermediate courts of appeals are split on this issue, we are bound to follow this court's precedent holding that one can appeal the denial of a motion to dismiss under section 51.014(a)(5). *See Phillips v. Dafonte,* 187 S.W.3d 669, 674–75 (Tex.App.-Houston [14th Dist.] 2006, no pet.) (holding that a person can appeal under 51.014(a)(5) even though the person asserted a motion to dismiss rather than a motion for summary judgment), *disapproved on other grounds by Franka v. Velasquez,* 332 S.W.3d 367, 382, n. 67 (Tex. 2011). *But see Austin State Hosp. v. Graham,* 319 S.W.3d 905, 907–08 (Tex.App.-Dallas 2010, pet. filed) (holding that, under 51.014(a)(5), a person cannot appeal the denial of a motion to dismiss based on section 101.106(e) because section 51.014(a)(5) applies only to denials of summary-judgment motions).

Another issue is whether the dismissal of the claims against an employee under section 101.106(e) is a dismissal based upon immunity. We are bound by this court's prior precedent concluding that a section 101.106(e) dismissal is based upon immunity. *See Singleton v. Casteel,* 267 S.W.3d 547, 549–50 (Tex.App.-Houston [14th Dist.] 2008, pet. denied); *see also Franka,* 332 S.W.3d at 372, n. 9 (concluding that section 101.106(f) is an immunity statute).

In addition, under section 101.106(e), the governmental unit moves for dismissal of the claims against its employee; the employee does not move for dismissal. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.106(e) (West 2005). Consistent with this statute, the Health Science Center rather than Dr. Uzoni–Boecker moved to dismiss the claims against Dr. Uzoni-Boecker, and the Health Science Center is the only party seeking to appeal from the denial of this motion. This raises an issue as to whether the Health Science Center, which is not an officer or employee of the state or of a political subdivision of the state, can appeal under section 51.014(a)(5). One can appeal the denial of a motion "that is *based on* an assertion of immunity by an individual ..." under section 51.014(a)(5); this statute does not state that the motion must have been filed by the individual asserting immunity. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a). In some cases, a person other than the individual asserting immunity may not have standing to move for dismissal based upon the assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state. Nonetheless, under the plain meaning of section 51.014(a)(5) and under a prior holding of the Supreme Court of Texas, if a party has standing to seek dismissal based upon the assertion of immunity by such an individual, then that party can appeal under of section 51.014(a)(5) even though the party is not such an individual. *See id.; City of Beverly Hills v. Guevara,* 904 S.W.2d 655, 656 (Tex.1995) (holding that city could appeal denial of its summary-judgment motion under of section 51.014(a)(5), even though its employee did not file any summary-

---

**3.** In *Franka v. Velasquez,* the Supreme Court of Texas concluded that two doctors could appeal the trial court's denial of their motions under section 101.106(f); but, these motions were summary-judgment motions, so the Franka court did not address whether a person can appeal the denial of a motion to dismiss under section 51.014(a)(5). *See* 332 S.W.3d at 371 & n. 9 (Tex.2011).

judgment motion, because the city sought dismissal *based on* the employee's official immunity); *Hidalgo County v. Gonzalez,* 128 S.W.3d 788, 791 (Tex.App.-Corpus Christi 2004, no pet.) (holding that county could appeal denial of its summary-judgment motion under of section 51.014(a)(5), though it was not an officer or employee in case in which the county sought dismissal *based on* the employee's official immunity).[4] In her trial court answers, Dr. Uzoni–Boecker pleaded the provisions of section 101.106. As provided by section 101.106(e), the Health Science Center moved to dismiss the claims asserted against Dr. Uzoni–Boecker. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(e). We conclude that the Health Science Center had standing to move for a dismissal of the claims against Dr. Uzoni–Boecker and that the Health Science Center's motion to dismiss was based on an assertion of immunity by Dr. Uzoni–Boecker.

As to Dr. Uzoni–Boecker's employee status, in its motion to dismiss, the Health Science Center presented evidence that Dr. Uzoni–Boecker was an employee of the Health Science Center when care was rendered to Charles Thomas in February 2007. The Claimants did not present any evidence to the contrary, and in their responses in the trial court, they agreed that Dr. Uzoni–Boecker was employed by the Health Science Center at the time of the surgery.[5] On this record, we conclude that, as a matter of law, Dr. Uzoni–Boecker was an employee of the Health Science Center in February 2007, when care was rendered to Charles Thomas.

Finally, under the text of section 51.014(a)(5), to appeal under this statute the Health Science Center must be "the state or a political subdivision of the state." TEX. CIV. P. & REM. CODE ANN. § 51.014(a)(5). The Health Science Center is a state agency,[6] and the Supreme Court of Texas has held that a state agency is not a political subdivision of the state. *See Tex. Dep't of Transp. v. City of Sunset Valley,* 146 S.W.3d 637, 643–44 (Tex.2004) (concluding that statutory term "state agency" did not include political subdivisions and that state agencies exercise ju-

---

4. In a case that did not involve an attempt to appeal under section 51.014(a)(5), the Supreme Court of Texas stated that only an individual who is an officer or employee of the state or a political subdivision of the state may appeal under section 51.014(a)(5). *See Texas A & M Univ. Sys. v. Koseoglu,* 233 S.W.3d 835, 843 (Tex.2007). But, the *Koseoglu* case involved section 51.014(a)(8) rather than section 51.014(a)(5), and that case did not involve section 101.106. *See id.* In addition, the Koseoglu court did not address or disapprove of the Supreme Court of Texas's opinion in *City of Beverly Hills v. Guevara. See id.; City of Beverly Hills,* 904 S.W.2d at 656. We conclude that these statements from the *Koseoglu* court are obiter dicta.

5. On appeal, Crowder concedes that Dr. Uzoni–Boecker was an employee of the Health Science Center when the surgery was performed; but, the Parents have not made this concession on appeal.

6. On appeal, the Health Science Center has asserted in its statement of facts that it is a state agency, and the appellees have not contradicted this statement. *See* TEX.R. APP. P. 38.1(g). This is consistent with statutes and cases indicating that the Health Science Center is a state agency. *See* TEX. EDUC.CODE ANN. § 65.02(a) (West Supp.2010) (stating that the Health Science Center is an institution that is part of The University of Texas System); *Univ. of Tex. Sw. Med. Center at Dallas v. Loutzenhiser,* 140 S.W.3d 351, 354, n. 5 (Tex. 2004) (indicating that institution that was a part of The University of Texas System was a state agency); *Bagg v. Univ. of Tex. Med. Branch at Galveston,* 726 S.W.2d 582, 584 (Tex.App.-Houston [14th Dist.] 1987, writ ref'd n.r.e.) (concluding that an institution that is part of The University of Texas System is a state agency), *disapproved on other grounds by, City of Elsa v. M.A.L.,* 226 S.W.3d 390, 391–92 (Tex.2007).

risdiction throughout the state while political subdivisions have jurisdiction only in a portion of the state); *Monsanto Co. v. Cornerstones Mun. Utility Dist.*, 865 S.W.2d 937, 940 (Tex.1993) (stating that state agencies exercise jurisdiction throughout the state while political subdivisions of the state have jurisdiction only in a portion of the state). Though the Health Science Center is not a political subdivision of the state, the Supreme Court of Texas has held that state agencies fall within the undefined term "the state" in section 51.014(a)(5). *See Klein v. Hernandez*, 315 S.W.3d 1, 2–3, 8 (Tex. 2010) (holding that an employee of a state agency is an "employee of the state" under section 51.014(a)(5)); *see also Monsanto Co.*, 865 S.W.2d at 939–40 (concluding that undefined term "state" in a statute included state agencies but not political subdivisions). Therefore, the Health Science Center falls under the undefined term "the state" in section 51.014(a)(5). *See Klein*, 315 S.W.3d at 2–3, 8.

For the reasons stated above, this appeal satisfies all the required elements for an appeal under section 51.014(a)(5), and this court has appellate jurisdiction to review the trial court's order denying the Health Science Center's motion to dismiss under section 101.106(e). *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a).

**B. Did the trial court err in denying the Health Science Center's section 101.106(e) motion?**

■ Subsections (e) and (f) of section 101.106 provide as follows:

(e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

(f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

Tex. Civ. Prac. & Rem.Code Ann. § 101.106.

The undisputed evidence before the trial court proved as a matter of law that Dr. Uzoni–Boecker was an employee of the Health Science Center and that she was acting within the scope of her employment in February 2007, when care was rendered to Charles Thomas. The Health Science Center is a state agency and a governmental unit for the purposes of section 101.106.[7] The Claimants filed suit against the Health Science Center, Dr. Uzoni–Boecker, and others, alleging as follows:

- On February 20, 2007, Charles Thomas went to Memorial Hermann Hospital for a scheduled elective arthroscopic surgery on his hip.

- Dr. Catherine Uzoni–Boecker, the attending anesthesiologist for the proce-

7. On appeal, the Health Science Center has asserted in its statement of facts that it is a state agency and a governmental unit under the Texas Tort Claims Act, and the appellees have not contradicted this statement. See Tex.R. App. P. 38.1(g). A state agency falls within the definition of governmental unit. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.001(3)(A) (West 2005) (defining "governmental unit" as used in section 101.106 to include state agencies).

dure, ordered a lumbar plexus block, a specific type of anesthesia.

- Under Dr. Uzoni–Boecker's supervision, an anesthesiology resident, Dr. Katherine Blalock Hagan, administered the anesthetic. Dr. Hagan allegedly injected the anesthetic, ropivacaine, directly into Thomas's vein, allegedly causing cardiopulmonary failure and complications that resulted in Thomas's death on April 24, 2007.
- The Health Science Center is vicariously liable for the acts and omissions of Dr. Hagan. The death of Charles Thomas and the Claimants' damages were caused by the Health Science Center's negligence through a condition, use, or misuse of tangible personal property such that the governmental unit would, were it a private person, be liable to the Claimants under Texas law.
- Dr. Hagan breached her negligence duty to Charles Thomas by (1) injecting anesthetic into Thomas's vein, (2) failing to follow appropriate procedures to avoid the injection of anesthetic into Thomas's vein, (3) undertaking a procedure for which she was unqualified and not properly trained, (4) using and misusing the tools of the procedure by injecting anesthetic into Thomas's vein, and (5) using or misusing tangible personal property, including a needle and anesthetic.
- Dr. Uzoni–Boecker breached her negligence duty to Charles Thomas by (1) failing to prescribe an adequate course of treatment, (2) failing to prescribe the proper medication, (3) failing to properly train Dr. Hagan in the proper procedure for administering a lumbar plexus block, (4) failing to properly supervise Dr. Hagan in performing the lumbar plexus block, (5) choosing a lumbar plexus block when it was not

indicated or necessary, (6) choosing a lumbar plexus block when the risks of the procedure outweighed the benefits, (7) failing to inform Thomas that the risks of the procedure outweighed the benefits, (8) failing to properly supervise Dr. Hagan before, during, and after the procedure, (9) failing to ensure that the injecting needle was properly in place and located in Thomas's body before the anesthetic was injected, and (10) failing to ensure that Thomas was adequately monitored.

In one paragraph in her petition, Crowder alleges that Dr. Uzoni–Boecker was acting in the course and scope of her "employment and/or agency with one or more of the [defendants other than Dr. Uzoni–Boecker]." Crowder then asserts that "as a result of their employment and/or agency relationship, one or more of the above-named defendants is vicariously liable for Defendant [sic] Uzoni–Boecker and Hagan's negligent acts and omissions." The Parents' petition contains no such allegation. For the purposes of our analysis, we presume that the Claimants are seeking liability against the Health Science Center based only on the alleged negligence of Dr. Hagan and that the Claimants are not basing their claims against the Health Science Center on any alleged acts or omissions of Dr. Uzoni–Boecker. In addition, the alleged acts or omissions of Dr. Uzoni–Boecker would not provide a basis for claims against the Health Science Center within any of the waivers of immunity in the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.021, 101.022 (West 2005 & West Supp.2010). The Claimants assert that, under this scenario, they have not filed suit against Dr. Uzoni–Boecker "under this chapter" within the meaning of section 101.106(e). See TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(e) (stating "[i]f a suit is filed *under this chapter* against *both* a governmental unit and

any of its employees") (emphasis added). Subsection (e) is the only subsection of section 101.106 that refers to a suit under the Texas Tort Claims Act being filed against an employee of a governmental unit; all other references are to a suit under the Texas Tort Claims Act being filed against the governmental unit. *See id.* § 101.106(a), (c), (e).

■ In construing a statute, our objective is to determine and give effect to the Legislature's intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen,* 15 S.W.3d 525, 527 (Tex.2000). We must ascertain that intent, if possible, from the language the Legislature used in the statute and not look to extraneous matters for an intent the statute does not state. *Id.* If the meaning of the statutory language is unambiguous, we adopt the interpretation supported by the plain meaning of the provision's words. *St. Luke's Episcopal Hosp. v. Agbor,* 952 S.W.2d 503, 505 (Tex.1997). We must not engage in forced or strained construction; instead, we must yield to the plain sense of the words the Legislature chose. *See id.* Legislative intent is gleaned from the statute as a whole, and a statute is interpreted to give effect to every part of the whole. *State ex rel. State Dep't of Highways & Public Transp. v. Gonzalez,* 82 S.W.3d 322, 327 (Tex.2002). These are important rules because they foster a jurisprudence grounded in statutory text. But we do not invoke these rules today because, in a series of opinions, the most recent of which is the Supreme Court of Texas has interpreted section 101.106. *See* 332 S.W.3d at 375–380. Though *Franka* involved the application of section 101.106(f), the *Franka* opinion contains judicial dicta that bind this court. *See id.* at 378–386; *Edwards v. Kaye,* 9 S.W.3d 310, 314 (Tex.App.-Houston [14th Dist.] 1999, pet. denied) (discussing doctrine of judicial dicta). Because the *Franka* opinion determines the outcome of

this issue, we do not apply general canons of construction to section 101.106, as we would if there were no such higher-court authority.

In *Franka,* the plaintiffs sued two doctors alleging negligence, but the plaintiffs did not sue the governmental unit that employed the doctors. *See Franka,* 332 S.W.3d at 369–372. The governmental unit had not been sued, so subsection (f) of section 101.106 applied rather than subsection (e). *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(e),(f). Because the plaintiffs were not suing the governmental unit, they necessarily were not seeking to impose liability on the governmental unit under a respondeat superior theory, just as the Claimants are not seeking to impose liability on the Health Science Center based on the alleged negligence of Dr. Uzoni–Boecker. In determining whether the trial court erred in denying Dr. Franka's motion under subsection (f), the *Franka* court stated that, if a plaintiff sues both the governmental unit and its employee, then under subsection (e), the claims against the employee must be dismissed, even if the governmental unit's immunity has not been waived. *See Franka,* 332 S.W.3d at 379–380. The *Franka* court then concluded that there was no reason why an employee should be entitled to a dismissal if sued with the governmental unit but not if sued alone. *See id.*

■ The *Franka* court stated that there should be a consistency between subsections (e) and (f). *See id.* Though the Claimants are not alleging that Dr. Uzoni–Boecker's purportedly negligent conduct occurred within the scope of her employment with the Health Science Center, the undisputed evidence proves that the Claimants filed suit against Dr. Uzoni–Boecker based on conduct within the scope of her employment with the Health Science Center. Under the *Franka* court's

construction of subsection (f), these claims against Dr. Uzoni–Boecker could have been brought against the Health Science Center under the Texas Tort Claims Act. *See id.* at 378–380. Therefore, applying the *Franka* court's construction of subsection (f), if the Claimants had sued only Dr. Uzoni–Boecker, then she would be entitled to dismissal of the claims against her under subsection (f).[8] *See id.* Under the *Franka* court's reasoning, because Dr. Uzoni–Boecker would be entitled to dismissal of the claims against her if she were sued alone, she also must be entitled to dismissal of the claims against her under subsection (e) if she is sued with the Health Science Center, as in the case under review. *See id.* Therefore, under *Franka*, if a plaintiff sues a governmental unit and its employee, asserting claims against the employee based on conduct within the general scope of her employment, and if the plaintiff could have but did not assert common-law tort claims against the governmental unit based on the employee's alleged conduct, then this case constitutes a suit "filed under this chapter against both a governmental unit and any of its employees" within the meaning of subsection (e). Tex. Civ. Prac. & Rem.Code Ann. § 101.106(e). *See id.* at 379–380.

The Claimants argue that the Legislature's enactment of the current version of section 101.106 cannot be construed as abrogating *Kassen v. Hatley;* but, the *Franka* court expressly concluded that by enacting the current version of section 101.106 in 2003, the Legislature abrogated the rule announced in the *Kassen* case, in which the Supreme Court of Texas decided that government-employed personnel do not have official immunity regarding their alleged negligence in the exercise of medical discretion in the treatment of patients. *See id.* at 380–386; *Kassen v. Hatley,* 887 S.W.2d 4, 11 (Tex.1994).

The Claimants also assert that construing subsection (e) to require dismissal of their claims against Dr. Uzoni–Boecker would give blanket immunity to all government employees for damages caused by their common-law torts. But the *Franka* court expressly concluded that, by enacting the current version of section 101.106 in 2003, the Legislature made whatever remedy the Tort Claims Act provides against the governmental unit a claimant's exclusive remedy for damages allegedly caused by common-law torts committed by a government employee in the scope of her employment. *See Franka,* 332 S.W.3d at 382–386.

The Claimants also rely upon this court's opinion in *Phillips v. Dafonte,* 187 S.W.3d 669, 675–77 (Tex.App.-Houston [14th Dist.] 2006, no pet.), as well as other cases employing a similar analysis. But the portions of these cases upon which the Claimants rely are contrary to *Franka,* and the *Franka* court disapproved them. *See Franka,* 332 S.W.3d at 382, n. 67.

In the trial court, the Claimants asserted that if section 101.106(e) were construed to require dismissal of their claims against Dr. Uzoni–Boecker, then this statute would violate the Open Courts provision of the Texas Constitution by abrogating their common-law negligence claims against a government-employed doctor based on the doctor's alleged negligence in the exercise of medical discretion. *See* Tex. Const. art. I, § 13 (stating that "[a]ll courts shall be open, and

---

8. Claims based on waivers of sovereign immunity that exist apart from the Texas Tort Claims Act are not brought under the Texas Tort Claims Act. *See Franka,* 332 S.W.3d at 378–379. But the Claimants have not pleaded any claims based on waivers of sovereign immunity that exist apart from the Texas Tort Claims Act.

every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law"). On appeal they assert this argument as a basis for affirming the trial court's denial of the Health Science Center's 101.106(e) motion. But the Claimants have no right to redress under the Open Courts provision because none of their claims is a cognizable common-law claim, which is a requirement for protection under this constitutional provision. *See Diaz v. Westphal,* 941 S.W.2d 96, 100 (Tex.1997) (holding that wrongful death and survival claims based on medical negligence were statutory claims rather than common-law claims and therefore were not entitled to protection under the Open Courts provision); *Bala v. Maxwell,* 909 S.W.2d 889, 893 (Tex.1995) (same as *Diaz* ); *Rose v. Doctors Hosp.,* 801 S.W.2d 841, 845 (Tex.1990) (same as Diaz as to wrongful death claims). Therefore, the trial court erred to the extent it determined that construing section 101.106(e) to require dismissal of the claims against Dr. Uzoni–Boecker would violate the Open Courts provision of the Texas Constitution.

### III. CONCLUSION

For the foregoing reasons, we conclude that under *Franka,* the Claimants have filed suit under the Texas Tort Claims Act against both Dr. Uzoni–Boecker and her employer, the Health Science Center, within the meaning of section 101.106(e). *See id.* at 378–386. Therefore, the trial court reversibly erred by denying the Health Science Center's motion to dismiss under this statute.[9] *See id.* Accordingly, we sustain the Health Science Center's sole appellate issue, reverse the trial court's order, and remand with instruc-

9. We do not address whether the trial court erred in denying the Health Science Center's

tions that the trial court grant the Health Science Center's motion to dismiss all claims against Dr. Uzoni–Boecker under section 101.106(e).

motion to dismiss under section 101.106(a).