**Reversed and Remanded and Memorandum Opinion filed March 3, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00546-CV

---

### DEBO HOMES, LLC, Appellant

### V.

### LAUREL MILLER & ELIANA MILLER, Appellee

---

**On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Cause No. 13-DCV-209822**

---

### MEMORANDUM OPINION

Debo Homes, LLC appeals from the trial court's judgment on remand contending the trial court miscalculated postjudgment interest. Concluding the trial court miscalculated postjudgment interest based on this court's prior opinion we reverse the judgment with respect to the trial court's assessment of postjudgment interest and remand the case to the trial court for further proceedings limited to the assessment of postjudgment interest.

BACKGROUND

In 2015, Laurel and Eliana Miller appealed the trial court's denial of their motion for judgment notwithstanding the verdict and motion for new trial following a jury trial on their breach of contract and Deceptive Trade Practices action. *Miller v. Debo Homes, LLC*, No. 14-15-00004-CV, 2016 WL 5399507, at *1 (Tex. App.—Houston [14th Dist.] Sept. 27, 2016, no pet.) (mem. op.). The Millers engaged Debo Homes to build a house for them in Needville, Texas. *Id.* The parties agreed the Millers would pay $178,000 in three cash installments. *Id.* After the Millers paid their first installment of $60,300, they became concerned about the quality of the construction. *Id.*

After several attempts to correct the quality of the work failed, the Millers decided not to continue to pay for the construction and, on October 7, 2013, sued Debo Homes alleging breach of contract, fraud and fraudulent inducement, fraud in a real estate transaction, and violations of the Deceptive Trade Practices Act (DTPA). *Id.* at *2; *see also* Tex. Bus. & Com. Code Ann. § 17.41 et. seq. Debo Homes sold the house for $168,000 on October 19, 2013, and closed on the sale on December 31, 2013. *Miller*, 2016 WL 5399507, at *2.

Debo Homes deposited $60,300 into the court's registry on August 14, 2014. A jury trial began five days later and concluded on August 22, 2014. *Miller*, 2016 WL 5399507 at 2. The jury awarded the Millers $60,650 in damages. *Id.* at *5. Ten days before the trial court signed its final judgment on December 22, 2014, Debo Homes deposited another $350 into the court registry. *Id.* The trial court awarded the Millers $3,663.92 in prejudgment interest from October 7, 2013 to December 22, 2014, on the full amount of damages the jury awarded. *Id.*

Both parties appealed the trial court's judgment. Debo Homes alleged that the evidence did not support the jury's finding of a violation of the DTPA, and that the

2

trial court incorrectly applied the law in computing pre- and postjudgment interest. *Id.* at *1. The Millers alleged the jury's award of zero attorney's fees was not supported by the evidence. *Id.* This court reversed the portions of the trial court's judgment awarding the Millers zero attorney's fees and awarding prejudgment interest. *Id.* at *11. We remanded to the trial court for a new trial on attorney's fees and recalculation of prejudgment interest. *Id.* We further reversed the trial court's judgment awarding the Millers postjudgment interest on the sum of $64,313.92 and remanded for recalculation of postjudgment interest consistent with this court's opinion. *Id.* at *11.

In reversing the trial court's award of postjudgment interest this court noted that a tender into the registry of the trial court of all sums due under the judgment halts postjudgment interest. *Id.* at *5. We found that Debo Homes's deposit of $60,650 halted postjudgment interest only on that amount. *Id.* at *6. Because all sums due under the judgment includes not only compensatory damages but also prejudgment interest, we held that a tender of $60,650 into the court's registry did not halt all postjudgment interest. *Id.* at *6. Because Debo Homes did not deposit any amount for prejudgment interest Debo Homes did not halt postjudgment interest on the prejudgment interest amount. *Id.* We remanded to the trial court for "a recalculation of the postjudgment interest to which the Millers are entitled." *Id.* We instructed that the recalculation "should take into account (1) the correct amount of prejudgment interest the Millers are due, as we have discussed in issue two; and (2) Debo Homes's deposit of $60,650 into the court's registry." *Id.*

On remand, the parties settled the issue of attorney's fees. The trial court ordered that the Millers recover prejudgment interest at the rate of five percent per annum on $60,650 from October 7, 2013 through August 4, 2014, and on $350 from October 7, 2013 through December 12, 2014. The trial court further awarded

postjudgment interest at the rate of five percent per annum, compounded annually, on the amount of $63,186.49 from December 22, 2014 until paid in full.

In this appeal Debo Homes contends the trial court misapplied this court's instruction on calculation of postjudgment interest by calculating postjudgment interest on the entire amount of the judgment including the amount Debo Homes paid into the registry of the court. No party challenges the trial court's award of prejudgment interest.

## ANALYSIS

In its sole issue on appeal Debo Homes contends the trial court miscalculated postjudgment interest because the amount of postjudgment interest awarded by the trial court failed to recognize that Debo Homes's deposit into the court registry halted postjudgment interest.

We review the trial court's decision regarding the assessment of postjudgment interest for an abuse of discretion. *DeGroot v. DeGroot*, 369 S.W.3d 918, 926 (Tex. App.—Dallas 2012, no pet.). "Postjudgment interest, which begins accruing on the date the judgment is rendered, not only compounds annually but also accrues on prejudgment interest." *Ventling v. Johnson*, 466 S.W.3d 143, 149 (Tex. 2015). "[A] tender into the registry of the trial court of all sums due under the judgment is a means of halting postjudgment interest." *Miller*, 2016 WL 5399507, at *5 (quoting *Breault v. Psarovarkas*, No. 01-01-00122-CV, 2003 WL 876651, at *7 (Tex. App.—Houston [1st Dist.] Feb. 28, 2003, pet. denied) (mem. op.)).

Postjudgment interest runs from the date of judgment through the date the judgment is satisfied. *See Miga v. Jensen*, 96 S.W.3d 207, 212 (Tex. 2002); *see also* Tex. Fin. Code Ann. § 304.005. Postjudgment interest then begins to accrue on the entire amount of the final judgment (including court costs and prejudgment interest)

4

from the date of judgment until paid. *See* Tex. Fin. Code Ann. § 304.003(a)("A money judgment of a court of this state to which Section 304.002 does not apply, including court costs awarded in the judgment and prejudgment interest, if any, earns postjudgment interest at the rate determined under this section.") A judgment debtor's timely unconditional tender of payment of the judgment amount interrupts the running of postjudgment interest. *Anglo-Dutch Petroleum Int'l, Inc. v. Greenberg Peden, P.C.*, 522 S.W.3d 471, 491 (Tex. App.—Houston [14th Dist.] 2016, pet. denied).

When we remanded this case to the trial court we instructed that calculation of postjudgment interest should take into account the correct amount of prejudgment interest and Debo Homes's deposit of $60,650 into the court's registry. *Miller*, 2016 WL 5399507, at *6. According to our prior opinion postjudgment interest halted when Debo Homes deposited the amount of the judgment into the registry of the court. Therefore, the correct calculation of postjudgment interest required the trial court to exclude the $60,650 that had been deposited in the court's registry. By including this amount in its recalculation of postjudgment interest, the trial court abused its discretion.

The Millers argue that postjudgment interest is only halted in interpleader cases. The Millers rely on *State Farm Life Ins. Co. v. Martinez*, 216 S.W.3d 799, 808 (Tex. 2007); and *Pegasus Energy Grp., Inc. v. Cheyenne Petroleum Co.*, 3 S.W.3d 112, 125 (Tex. App.—Corpus Christi 1999, pet. denied).

In *State Farm*, the Supreme Court of Texas held that a stakeholder who interpleads contested funds into the registry of the court is not liable for prejudgment interest after the date of the interpleader. 216 S.W.3d at 808. The *State Farm* court reasoned that requiring an insurer who had interpleaded the funds to pay prejudgment interest at the statutory rate and allowing the plaintiff to recover interest

5

that accrued on the interpleaded funds would amount to double recovery. *Id.*

In *Pegasus Energy Group*, the court stated that the plaintiff "should not be entitled to prejudgment interest on money that [the defendant] had already paid into the registry of the court." 3 S.W.3d at 125. The *Pegasus* court, however, also found the plaintiff was "entitled to all monies held in the Registry of the Court to satisfy the judgment with any interest earned on such monies in the registry credited against the interest awarded" and the "total amount" in the court's registry was "credited against any judgment amount owed by [the defendant]." *Id.* Following *Pegasus*, the Corpus Christi court and the Austin Court of Appeals applied the *Pegasus* court's statement that prejudgment interest does not accrue on funds deposited in the registry of the court. Both those decisions were in interpleader cases where the funds in the registry of the court could have been subject to multiple claims. *See Hoeffner, Bilek & Eidman*, *L.L.P. v. Guerra*, No. 13-01-503-CV; 2004 WL 1171044, at *10–11 (Tex. App.—Corpus Christi, May 27, 2004, pet. denied) (mem. op.) (applying *Pegasus* in a case involving dispute between several attorneys to contingency fees earned in a mass tort litigation where attorney seeking funds had requested funds be deposited in registry); *Browning Oil Co. v. Luecke*, 38 S.W.3d 625, 646, 648 (Tex. App.—Austin 2000, pet. denied) (applying *Pegasus* in a case involving dispute over amount of royalties owed under pooling agreement for "horizontal wells that contain multiple drillsites on tracts owned by multiple landowners").

While the *State Farm* decision involved an interpleader action, the supreme court's holding in that case was not dependent on the fact that an interpleader had deposited the funds into the registry of the court. While the *Pegasus* decision has been applied in other interpleader actions, the court's decision did not prohibit application to other actions. Moreover, because our prior decision in *Miller* is not contradicted by supreme court authority, we are bound by our decision that

6

postjudgment interest in this case was halted by Debo Homes's deposit of the amount of the judgment into the registry of the court. *See Univ. of Tex. Health Science Cent. at Houston v. Crowder*, 349 S.W.3d 640, 644 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (holding that the court was bound by prior precedent).

None of the cases relied on by the Millers is contrary to this court's holding that payment of funds into the registry of the court halts postjudgment interest. *Miller*, 2016 WL 5399507, at *5. Because the trial court's judgment on remand did not take into account the halting of postjudgment interest following Debo Homes's deposit into the registry of the court, the trial court abused its discretion in its award of postjudgment interest. We sustain Debo Homes's sole issue on appeal.

## CONCLUSION

We reverse the portion of the trial court's judgment on remand awarding the Millers postjudgment interest on the sum of $63,186.49 and remand this case for a recalculation of postjudgment interest consistent with this court's opinion taking into account Debo Homes's deposit of $60,650 into the court's registry and the Finance Code's requirement that postjudgment interest be awarded on prejudgment interest, which was not deposited into the registry of the court, and costs.


/s/    Jerry Zimmerer
         Justice


Panel consists of Justices Wise, Zimmerer, and Spain.

7