**Opinion issued September 12, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-22-00681-CV**

———————————

**WILLIAM C. FEREBEE, Appellant**

**V.**

**LAW OFFICE OF FRANK POWELL & FRANK C. POWELL, Appellees**

---

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-38247**

---

## MEMORANDUM OPINION ON REHEARING

Appellee Frank Powell has filed a motion for rehearing of our August 3, 2023 opinion. We deny the motion for rehearing, withdraw our opinion and judgment of August 3, 2023, and issue this memorandum opinion and judgment in their stead. Our disposition remains the same.

The appellees, the Law Office of Frank Powell and Frank C. Powell, sued William C. Ferebee, the city attorney for the City of Shenandoah, for slander per se. Powell alleged that Ferebee made defamatory comments about him and his law practice to the city council during a public city council meeting. Ferebee filed a motion to dismiss under Section 101.106(f) of the Texas Civil Practice and Remedies Code, the election-of-remedies provision of the Texas Tort Claims Act. The trial court denied the motion to dismiss. We reverse the trial court's order and render judgment dismissing Powell's claims against Ferebee.

## BACKGROUND

Powell alleged the following facts in his original petition—his live pleading. Ferebee is the city attorney for the City of Shenandoah. Before the present suit, Powell and his law firm had filed a separate lawsuit for slander against Ferebee and other city employees and officials. This separate lawsuit was on the meeting agenda for the April 27, 2022, city council meeting. It was listed as an item to discuss in a closed executive session. During the public portion of the meeting, the mayor asked Ferebee to give a "city attorney update."

Powell alleged that Ferebee gave the city attorney update and discussed the separate lawsuit. But Powell asserts that the update was unrelated to the merits or subject matter of the lawsuit. Instead, Ferebee commented on "preliminary findings" he had made related to the lawsuit: that Powell had been sanctioned by several courts

2

and that the Commission for Lawyer Discipline had filed a petition against Powell. Ferebee went on to read a portion of the petition.

Powell then filed this lawsuit against Ferebee individually for slander per se, a type of defamation.[1] Ferebee moved for dismissal under Section 101.106(f) of the Texas Civil Practice and Remedies Code, arguing that he was acting in the scope of his employment as city attorney when he made the allegedly defamatory comments, so the suit was in fact against the City. The trial court denied Ferebee's motion to dismiss, and Ferebee filed this interlocutory appeal.

## DISCUSSION

### Texas Tort Claims Act and Election of Remedies

Governmental immunity protects the state's political subdivisions from suit and thus implicates a court's subject-matter jurisdiction. *Hidalgo Cnty. Water Improvement Dist. No. 3 v. Hidalgo Cnty. Irrigation Dist. No. 1*, 669 S.W.3d 178, 182 (Tex. 2023). The Texas Tort Claims Act provides a limited waiver of governmental immunity. *Laverie v. Wetherbe*, 517 S.W.3d 748, 752 (Tex. 2017); *see* TEX. CIV. PRAC. & REM. CODE § 101.025. The Act's election-of-remedies provision requires a plaintiff to decide before filing suit whether a governmental

---

[1] *See Dall. Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 623–24 (Tex. 2018) (explaining defamation includes slander, slander is defamatory statement expressed orally, and defamation per se occurs when statement is "so obviously detrimental to one's good name that a jury may presume general damages, such as for loss of reputation").

employee acted independently and is individually liable or whether the employee acted in his official capacity so that the governmental unit is vicariously liable. *Laverie*, 517 S.W.3d at 752; *see* TEX. CIV. PRAC. & REM. CODE § 101.106(f). A governmental employee acts within his official capacity when he acts within the scope of his employment. *See Tex. Adjutant Gen.'s Off. v. Ngakoue*, 408 S.W.3d 350, 357 (Tex. 2013). If the plaintiff sues the governmental employee in his official capacity, the suit is "in all but name only, a suit against the governmental unit." *Id.* In that situation, the Act provides for the employee's early dismissal:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE § 101.106(f). In other words, the governmental employee is entitled to dismissal from the suit if he proves the suit: "(1) [is] based on conduct within the scope of [his] employment with a governmental unit[;] and (2) could have been brought against the governmental unit under the Tort Claims Act." *Laverie*, 517 S.W.3d at 752.

4

*Scope of Employment*

The Tort Claims Act defines "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." TEX. CIV. PRAC. & REM. CODE § 101.001(5). In determining whether an employee acted within the scope of employment, the "critical inquiry" is whether, when viewed objectively, there is a connection between the employee's job duties and the alleged tortious conduct. *Garza v. Harrison*, 574 S.W.3d 389, 401 (Tex. 2019); *see also Laverie*, 517 S.W.3d at 753. "Simply stated, a governmental employee is discharging generally assigned job duties if the employee was doing his job at the time of the alleged tort." *Garza*, 574 S.W.3d at 401. Whether an employee acts with ulterior motives, with personal animus, or in part to serve his own purposes is immaterial, as long as the employee was performing his job duties. *See Laverie*, 517 S.W.3d at 753; *Anderson v. Bessman*, 365 S.W.3d 119, 125–26 (Tex. App.—Houston [1st Dist.] 2011, no pet.). An employee may still be acting in the scope of employment even if his conduct escalates beyond what his employer assigned or authorized. *Fink v. Anderson*, 477 S.W.3d 460, 466 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *see also Celtic Life Ins. Co. v. Coats*, 885 S.W.2d 96, 99 (Tex. 1994) (concluding insurance agent was acting within scope of

5

employment when explaining terms of policy even though he made false representations about policy that employer did not authorize).

When an employee pursues an "independent course of conduct" unrelated to his job that does not serve any purpose of his employer, he engages in that conduct for his own reasons and is not acting within the scope of employment. *See Laverie*, 517 S.W.3d at 754 (discussing RESTATEMENT (THIRD) OF AGENCY § 7.07(2) (2006)). An employee who deviates from the general nature of his employment to engage in unauthorized conduct is also not acting within the scope of employment. *See Zarzana v. Ashley*, 218 S.W.3d 152, 160 (Tex. App.—Houston [14th Dist.] 2007, pet. struck) (concluding employee's selling counterfeit car inspection stickers was not within scope of employment because employer did not conduct inspections or sell car inspection stickers); *see also Fink*, 477 S.W.3d at 467.

An employee who commits a tort like defamation can still be acting within his scope of employment so long as the tort occurs while the employee is engaged in conduct to further his employer's purpose and the act is an escalation of, rather than a deviation from, his job duties. *Fink*, 477 S.W.3d at 467–69; *see, e.g.*, *Elias v. Griffith*, No. 01-17-00333-CV, 2018 WL 3233587, at *9 (Tex. App.—Houston [1st Dist.] July 3, 2018, no pet.) (mem. op.) (concluding city employees who allegedly defamed plaintiff while giving city council update were acting within scope of employment); *Melton v. Farrow*, No. 03-13-00542-CV, 2015 WL 681491, at *3

6

(Tex. App.—Austin Feb. 10, 2015, pet. denied) (mem. op.) (concluding board members who allegedly defamed plaintiff in board meeting were acting within scope of employment); *Hopkins v. Strickland*, No. 01-12-00315-CV, 2013 WL 1183302, at *4 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.) (mem. op.) (concluding mayor who allegedly defamed plaintiff in conversation with another mayor was acting within scope of employment). Our inquiry is not whether the employee was authorized to commit a tort but whether he was performing his job duties when he committed the tort. *See Fink*, 477 S.W.3d at 470; *see also Celtic Life Ins.*, 885 S.W.2d at 99 (explaining in agency relationship, question is not whether principal authorized specific wrongful act because then principals would rarely be liable for agents' misconduct; rather, proper inquiry is whether agent was acting within scope of agency relationship when committing wrongful act).

*Suit That Could Have Been Brought Against Governmental Unit*

A plaintiff's suit is one that "could have been brought" against a governmental unit under the Tort Claims Act if: (1) the plaintiff alleges a tort claim; and (2) the claim is not brought under any other statute that waives immunity, even if the alleged tort is one for which the Act does not waive immunity. *Fink*, 477 S.W.3d at 472; *see also Franka v. Velasquez*, 332 S.W.3d 367, 375 (Tex. 2011) ("[A]ny tort claim against the government is brought 'under' the Act for purposes of [S]ection 101.106, even if the Act does not waive immunity.").

7

## Standard of Review

A governmental employee's motion to dismiss under Section 101.106(f) is an assertion of immunity and thus a challenge to the trial court's subject-matter jurisdiction. *Elias*, 2018 WL 3233587, at *5. Accordingly, the motion is similar to a plea to the jurisdiction, and we review it de novo. *See id.*; *see also Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004) (stating appellate courts review challenge to trial court's subject-matter jurisdiction de novo). When the motion challenges the plaintiff's pleadings, we determine if the plaintiff has alleged facts affirmatively demonstrating subject-matter jurisdiction. *See Miranda*, 133 S.W.3d at 226. If he has not, but his pleadings do not affirmatively demonstrate incurable jurisdictional defects, we must give the plaintiff the opportunity to amend his pleadings. *See id.* at 226–27. If the pleadings affirmatively negate jurisdiction, we must dismiss the claims against the employee and need not allow the plaintiff an opportunity to amend his pleadings. *See id.* at 227; *Manley v. Wise*, No. 03-21-00120-CV, 2022 WL 548266, at *6–7 (Tex. App.—Austin Feb. 24, 2022, no pet.) (mem. op.) (dismissing claims against city employees because pleadings affirmatively negated jurisdiction).

## Appellate Jurisdiction and Ripeness

As a preliminary matter, we must address Powell's claims that we lack appellate jurisdiction and that the appeal is not ripe.

Powell claims we lack appellate jurisdiction over this interlocutory appeal because the trial court has not denied a summary judgment, citing Section 51.014(a)(5) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(5) (authorizing interlocutory appeal from order denying summary judgment based on assertion of immunity by governmental officer or employee). But the Supreme Court has ruled a party may appeal an order denying an assertion of immunity under Section 51.014(a)(5), "regardless of the procedural vehicle used." *Austin State Hosp. v. Graham*, 347 S.W.3d 298, 301 (Tex. 2011) (per curiam); *see, e.g.*, *City of Webster v. Myers*, 360 S.W.3d 51, 54–55 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (concluding Section 51.014(a)(5) authorized appeal from denial of motion to dismiss under Section 101.106); *Univ. of Tex. Health Sci. Ctr. at Houston v. Crowder*, 349 S.W.3d 640, 644 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (same). Therefore, we have appellate jurisdiction over this interlocutory appeal under Section 51.014(a)(5) because Ferebee appealed the trial court's order denying his assertion of immunity.

Powell also argues that this appeal is not ripe because the trial court did not rule on whether Section 101.106(f) of the Texas Civil Practice and Remedies Code requires Ferebee's dismissal. We disagree for two reasons. First, this issue is ripe for adjudication because Powell's claimed legal injury has already occurred. The ripeness doctrine requires a plaintiff to have a "concrete injury," as opposed to a

9

mere hypothetical injury contingent on events that have not yet occurred, before bringing a claim. *In re DePinho*, 505 S.W.3d 621, 624 (Tex. 2016) (per curiam) (orig. proceeding) (quoting *Robinson v. Parker*, 353 S.W.3d 753, 755 (Tex. 2011)). To determine whether an issue is ripe, "we consider whether, at the time a lawsuit is filed, the facts are sufficiently developed so that an injury has occurred or is likely to occur, rather than being contingent or remote." *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 706 (Tex. 2021) (quoting *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851–52 (Tex. 2000)). Powell's claimed legal injury has occurred, so the issue is ripe. Second, by denying Ferebee's motion to dismiss, the trial court *has* ruled on the issue of whether Section 101.106(f) requires his dismissal. The trial court determined it did not require his dismissal, and we may review that ruling. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(5); *Graham*, 347 S.W.3d at 301; *Myers*, 360 S.W.3d at 54–55; *Crowder*, 349 S.W.3d at 644.

Having determined we have appellate jurisdiction and that this issue is ripe for adjudication, we turn now to the merits of Ferebee's appeal.

## Analysis

In a single issue, Ferebee argues that he was entitled to dismissal under Section 101.106(f) because Powell's pleadings demonstrate that Ferebee was acting within the scope of his employment and because the suit could have been brought against the City under the Tort Claims Act.

10

*Scope of Employment*

Ferebee argues that Powell's pleadings affirmatively demonstrate that Ferebee was acting within his scope of employment as city attorney when he made the allegedly defamatory remarks. We agree.

In his original petition, Powell alleged:

- Ferebee is the city attorney for the City of Shenandoah;

- Powell had filed a separate lawsuit for slander against city employees, elected officials, and Ferebee;

- Ferebee gave a "city attorney update" at the mayor's request during the April 27, 2022, city council meeting;

- the separate lawsuit was on the meeting agenda, although it was listed as an item to be discussed in a closed executive session; and

- Ferebee gave a public update on the separate lawsuit during the city council meeting, but in doing so he made defamatory comments about Powell, and his comments were unrelated to the merits or subject matter of the separate lawsuit.

According to these alleged facts, Ferebee was doing his job at the time of the alleged tort. *See Garza*, 574 S.W.3d at 401. Whether Ferebee had ulterior motives, acted with personal animus, or acted to serve his own purposes is immaterial. *See Laverie*, 517 S.W.3d at 753; *Anderson*, 365 S.W.3d at 125–26. We need not ask whether Ferebee was authorized to make defamatory comments, only whether he was performing his job duties when he committed the alleged tort, and he was. *See Fink*, 477 S.W.3d at 470. He was addressing the city council as the city attorney and discussing relevant litigation. Therefore, we agree with Ferebee that Powell's

11

pleadings establish Ferebee was acting within the scope of his employment when he allegedly defamed Powell.

Powell argues that Ferebee deviated from his job duties by commenting on personal litigation unrelated to city business; Powell argues this was an independent course of conduct that did not serve any purpose of the City. But again, Powell's pleadings demonstrate that Ferebee was performing his job duties when he, as requested by the mayor, gave a litigation update at the city council meeting, and the separate lawsuit was related to city business because it involved city employees and officials. Powell has not identified a separate course of conduct—he did not allege that at any point, Ferebee stopped addressing the city council as the city attorney and engaged in some other conduct. Instead, he essentially argues that Ferebee's personal comments about Powell were off-topic, but regardless of whether Ferebee's comments strayed off topic, he was performing his job duties as the city attorney when he made those comments. *See Garza*, 574 S.W.3d at 401 ("[A] governmental employee is discharging generally assigned job duties if the employee was doing his job at the time of the alleged tort."). Ferebee's comments about Powell were an escalation of, rather than a deviation from, his job duties as city attorney. *See Fink*, 477 S.W.3d at 466–67 (explaining that employee's conduct can be within scope of employment even if conduct escalates beyond what is assigned or permitted but employee's conduct that deviates from assigned task is not within scope of

12

employment); *see also Celtic Life Ins.*, 885 S.W.2d at 99 (noting that insurance agent had authority to make representations about insurance policies and his false representations did not take conduct outside scope of authority).

This court has already held that two city employees were acting within the scope of their employment when they made allegedly defamatory statements in their presentation to the city council during a public city council meeting. *Elias*, 2018 WL 3233587, at \*9. In *Elias v. Griffith*, the city's police chief and assistant city manager gave an update to the city council about implementing a new tow-truck policy, and each employee made allegedly defamatory comments about the plaintiff, who had complained about the policy. *Id.* at \*1, \*4. Their comments, even if defamatory, were made in their roles as city employees, at the city manager's request, and in furtherance of their job duties. *Id.* at \*7–8. Thus, they were acting within the scope of their employment when they made the allegedly defamatory comments. *Id.* at \*9.

Powell argues that *Elias* is distinguishable from the present case because, unlike the city employees in *Elias*, Ferebee was not discussing anything related to city business when he defamed Powell; he was commenting on his personal litigation, and that was not within the scope of employment. However, the city employees in *Elias* were giving an update on a new policy and related police investigation at the request of the city manager when they gave their personal thoughts on the plaintiff in that case. *Id.* at \*4. Here, according to Powell's pleadings,

13

Ferebee was giving an update on litigation at the request of the mayor when he made the allegedly defamatory comments about Powell. Like the city employees in *Elias*, Ferebee was acting within the scope of his employment as a city employee when he gave the update to the city council.

Finally, Powell argues that Ferebee made a judicial admission in his motion to dismiss under Chapter 27 of the Texas Civil Practice and Remedies Code (the Texas Citizens Participation Act or TCPA). The TCPA is a set of statutes protecting citizens who exercise "the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government" from malicious lawsuits. TEX. CIV. PRAC. & REM. CODE § 27.002; *see also id.* §§ 27.001–11. Ferebee filed the TCPA motion to dismiss on August 31, 2022,[2] the day before the trial court signed the order denying Ferebee's motion to dismiss under Section 101.106(f). In his motion, Ferebee argued that his alleged defamatory comments were made in his exercise of free speech and free association, so the TCPA applied to Powell's slander claim against him, entitling him to dismissal of that claim. Powell argues that

---

[2] Powell states twice in his appellate brief that Ferebee filed the TCPA motion to dismiss on September 2, 2022, and the record, at first glance, appears to confirm that date because the motion was file stamped on September 2, 2022. However, in his motion for rehearing, Powell alleges the TCPA motion was filed on August 31, so we address his substantive argument on rehearing because there is at least some support in the record for this allegation—the final line of the file stamp and the final page of the motion are dated August 31.

Ferebee judicially admitted he was not acting in the scope of his employment by filing his TCPA motion to dismiss.

A judicial admission is a "clear, deliberate, and unequivocal factual allegation made in a live pleading and not pleaded in the alternative." *Lake Jackson Med. Spa, Ltd. v. Gaytan*, 640 S.W.3d 830, 839 (Tex. 2022). Only facts may be judicially admitted; a party may not judicially admit a legal conclusion or question of law. *VSMSQ Structural Eng'rs, LLC v. Structural Consultants Assocs., Inc.*, No. 01-22-00543-CV, 2023 WL 4629149, at *6 (Tex. App.—Houston [1st Dist.] July 20, 2023, no pet.); *ReadyOne Indus., Inc. v. Flores*, 460 S.W.3d 656, 665 (Tex. App.—El Paso 2014, pet. denied). The effect of a judicial admission is that the fact is conclusively established, the pleader may not dispute it, and the opposing party is relieved of having to provide evidence of that fact at trial or obtain a jury finding. *Lake Jackson Med. Spa*, 640 S.W.3d at 839; *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 905 (Tex. 2000).

Here, Powell argues that Ferebee judicially admitted through his TCPA motion to dismiss that he was not acting in the scope of his employment when he made the alleged defamatory comments. But Ferebee's TCPA motion contains no "clear, deliberate, and unequivocal factual allegation" to that effect. *See Lake Jackson Med. Spa*, 640 S.W.3d at 839. Nowhere in the motion does Ferebee state he was not acting in the scope of his employment. In fact, Ferebee argued in the motion

15

that he was entitled to official immunity, which protects government officers from individual liability for performing duties within the course and scope of their employment.

The motion, however, states repeatedly that the TCPA applies to Powell's slander claim. Powell argues that because a government entity or an employee acting in an official capacity may not file a motion to dismiss under the TCPA, Ferebee has judicially admitted he was not acting in his official capacity. *See* TEX. CIV. PRAC. & REM. CODE § 27.003(a) ("If a legal action is based on . . . a party's exercise of the right of free speech, . . . that party may file a motion to dismiss the legal action. A party under this section does not include a government entity, agency, or an official or employee acting in an official capacity."). But Ferebee's statements that the TCPA applies to Powell's slander claim are legal conclusions, and legal conclusions are not statements of fact and cannot be judicially admitted. *See VSMSQ Structural Eng'rs*, 2023 WL 4629149, at *6; *ReadyOne Indus.*, 460 S.W.3d at 665.

Because there is no clear, deliberate, unequivocal factual allegation in Ferebee's TCPA motion to dismiss that he was not acting in the scope of employment at the time of the alleged tort, his motion is not a judicial admission of that fact.

In sum, we conclude Ferebee was acting within the scope of his employment as city attorney when he made the allegedly defamatory statements against Powell.

16

*Suit That Could Have Been Brought Against Governmental Unit*

Lastly, we consider whether this suit is one that "could have been brought" against the City under the Tort Claims Act. *See Laverie*, 517 S.W.3d at 752; TEX. CIV. PRAC. & REM. CODE § 101.106(f). Here, Powell has alleged a tort claim, and he did not sue under any other statute that waives immunity. *See Fink*, 477 S.W.3d at 472 (stating suit "could have been brought" against governmental unit if plaintiff alleges tort claim and claim is not brought under another statute that waives immunity). Powell alleged an intentional tort, slander per se, and the Act does not waive immunity for intentional torts. *See* TEX. CIV. PRAC. & REM. CODE § 101.057. But "any tort claim against the government is brought 'under' the Act for purposes of [S]ection 101.106, even if the Act does not waive immunity." *Franka*, 332 S.W.3d at 375; *see also Elias*, 2018 WL 3233587, at *10 (concluding slander-per-se claim could have been brought against governmental unit under Tort Claims Act); *Hopkins*, 2013 WL 1183302, at *4 (concluding slander claim could have been brought against governmental unit under Tort Claims Act). Thus, Powell's claim could have been brought against the City under the Act.

In sum, Ferebee was entitled to dismissal from the suit because Powell's pleadings demonstrate Ferebee was acting within the scope of his employment with the City when the alleged tort occurred, and the suit could have been brought against

the City under the Tort Claims Act. *See Laverie*, 517 S.W.3d at 752; TEX. CIV. PRAC. & REM. CODE § 101.106(f). We sustain Ferebee's sole issue on appeal.

Because Powell's pleadings affirmatively negate jurisdiction, we may dismiss his claims against Ferebee without allowing Powell an opportunity to replead. *See Miranda*, 133 S.W.3d at 227 (when pleadings affirmatively negate jurisdiction, "a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend"); *Manley*, 2022 WL 548266, at *6–7 (dismissing claims against city employees because pleadings affirmatively negated jurisdiction).

## CONCLUSION

Ferebee established he was entitled to dismissal from the suit. We therefore reverse the trial court's order denying his motion to dismiss and render judgment dismissing Powell's claims against Ferebee for lack of jurisdiction.

 

Gordon Goodman
Justice

Panel consists of Justices Goodman, Landau, and Rivas-Molloy.