6000 WESTERN PLACE, SUITE 200
I-30 AT BRYANT IRVIN ROAD
FORT WORTH, TEXAS 76107
EMAIL:TOASE@TOASE.COM

TELEPHONE: (817) 332-2580
TOLL FREE: (800) 318-3400
FACSIMILE: (817) 332-4740
WEBSITE: WWW.TOASE.COM

ACCEPTED
15-25-00112-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
7/2/2025 1:00 PM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
7/2/2025 1:00:20 PM
CHRISTOPHER A. PRINE
Clerk

**T⊙ASE**
**TAYLOR·OLSON·ADKINS·SRALLA·ELAM**
L.L.P.
ATTORNEYS & COUNSELORS

Wayne K. Olson
wolson@toase.com

July 2, 2025

Christopher A. Prine, Clerk – *Via TexFile*
Fifteenth Court of Appeals
P.O. Box 12852
Austin, Texas 78711

Re:  Court of Appeals Number: 15-25-00112-CV
Trial Court Case Number: 348-364135-25
*Pecos Housing Finance Corporation, a Texas Nonprofit Corporation and Cara Turn, Maribel Alvarez, and Irene Dominguez, in Their Official Capacities as Board Members of Pecos Housing Finance Corporation*
*v. City of Haltom City, Texas*
Fifteenth Court of Appeals, Austin, Texas

## LETTER RESPONSE OF APPELLEE CITY OF HALTOM CITY, TEXAS

To the Honorable Court of Appeals:

On June 25, 2025, this Court distributed a letter to the parties requesting responses as to whether this Court has jurisdiction over the appeal in the above-referenced cause. Pursuant to the Court's indication that Appellee was permitted to file a response, Appellee City of Haltom City, Texas ("Haltom City"), now submits its letter response regarding jurisdictional considerations.

### I.   *Background.*

This case seeks to rectify an egregious abuse of the Texas Housing Finance Corporation Act, Tex. Loc. Gov't Code § 394.001, *et seq*. (the "Act"). Appellant Pecos Housing Finance Corporation ("Pecos HFC"), whose officers are also Appellants in this suit, is a nonprofit housing corporation created and located in, and controlled by, the officials of Pecos City, Texas, a small town located deep in the heart of West Texas, 400 miles away from Haltom City, which is located in the DFW Metroplex. Pecos HFC purports to promote affordable housing for households in low- and moderate-income brackets. Yet, in the alleged service of this goal, Pecos HFC has removed a large multi-family development from Haltom City's tax rolls, thereby eliminating millions of dollars in real property value from the local tax base and conveniently arranging massive monetary kickbacks for itself.

Pecos HFC's scheme consists of the following machinations, replicated in bulk across the State of Texas. First, a private developer acquires land for a new multi-family development or acquires an existing multi-family development (the "Property") in a city other than Pecos City, Texas. Then, the private developer conveys that Property to Pecos HFC. Pecos HFC then obtains an exemption from 100% of the ad valorem property taxes assessed on the Property, and the Property is removed from the tax rolls. Finally, Pecos HFC leases that now-tax exempt Property

to a private landlord, often the same developer who originally purchased the Property, who then shares the profits with Pecos HFC. The developer and landlord benefit from a massive tax exemption; Pecos HFC, a nonprofit corporation, collects fees and a portion of the Property's profits without bearing the cost of providing any of the essential public services necessary to serve the Property; and the city in which the Property is located (referred to as the "local government" for simplicity) bears 100% of the burden of providing those essential services, including police and fire protection, emergency medical services, code enforcement, street repairs, and other public services, without any oversight to ensure that affordable housing initiatives are properly implemented and maintained.

Critically, this scheme undermines the Act's intent to create locally operated nonprofit corporations that provide affordable housing opportunities. These initiatives, when conducted in the manner originally intended by the Act, allow elected officials to engage in a critical cost-benefit analysis necessary to determine whether the public benefit of a housing project is worth the elimination of tax revenues that are otherwise due to the local community. Instead, Pecos HFC has perverted its statutory authority to facilitate affordable housing by transforming itself into a profit-making venture that bears no responsibility to provide required public services. Pecos HFC is a parasite that systematically deprives local governments of critical revenue streams at the expense of those local governments' budgets for essential public services.

In short, a nonprofit corporation sponsored by a town of less than 13,000 residents located 400 miles from Haltom City has single-handedly removed substantial ad valorem tax revenue from Haltom City's tax rolls. The legislature, to address this manifest injustice, recently passed House Bill 21. In a press release applauding the bill's adoption, the bill's Senate sponsor noted that HFCs "have been exploited by developers partnering with out-of-jurisdiction 'traveling' HFCs to receive full property tax exemptions for multi-family housing, with no rent reductions, local approval or community benefit." Sen. Paul Bettencourt, "Press Release: Gov. Abbott Signs $16B Housing Fix, HB 21 to End Abusive Housing Finance Tax Deals," May 28, 2025.

To enforce its statutory rights under Chapter 394 of the Texas Local Government Code, Haltom City filed suit in the 236th District Court of Tarrant County, Texas; the case was then transferred to the 348th District Court by Order dated May 15, 2025. On June 3, 2025, Haltom City was granted injunctive relief enjoining Appellants from purchasing or approving the purchase of real property located in Haltom City, and from requesting, approving, or obtaining tax exemptions for any real property located in Haltom City. In that Order, the Court further prohibited the Tarrant Appraisal District from granting tax exemptions requested by Appellants for any real property located in Haltom City. Pecos HFC subsequently filed its notice of appeal to this Court.

## II.      *This Court does not have jurisdiction to hear this case pursuant to Section 22.220 of the Texas Government Code and Rule 25.1(d)(9) of the Texas Rules of Appellate Procedure.*

The Fifteenth Court of Appeals has been given exclusive intermediate appellate jurisdiction over the matters set forth in Section 22.220(d) of the Texas Government Code, specifically, in relevant part,

matters brought by or against the state or a board, commission, department, office, or other agency in the executive branch of the state government . . . or by or against an officer or employee of the state or a board, commission, department, office, or other agency in the executive branch of the state government arising out of that officer's or employee's official conduct,

subject to certain exceptions. Tex. Gov't Code § 22.220(d)(1) (2023). Additionally, this Court has jurisdiction over "matters in which a party to the proceeding files a petition, motion, or other pleading challenging the constitutionality or validity of a state statute or rule and the attorney general is a party to the case." *Id.* at (d)(2). In its June 25, 2025 communication, this Court asked the parties to provide arguments as to the jurisdictional applicability of Texas Rule of Appellate Procedure 25.1(d)(9)(A), (B) or (C), or any combination thereof. Subsections (A) and (B) are substantively identical to Section 22.220(d)(1). Subsection (C) is substantively identical to Section 22.220(d)(2). However, none of these jurisdictional provisions apply to this appeal. Haltom City therefore asserts that, because Haltom City and the Property are located in Tarrant County, Texas, and because all of the matters in this case accrued in Tarrant County, Texas, the Second Court of Appeals is the appropriate venue for any appeal.

None of the referenced subparts of Rule 25.1(d)(9) apply to the present case. Additionally, the Texas Supreme Court has held that the statute conveying jurisdiction on the Fifteenth Court of Appeals does not contemplate that the Court is authorized "to hear every civil appeal within its statewide jurisdiction." *Kelley v. Homminga*, 706 S.W.3d 829, 834 (Tex. 2025). Such an interpretation would lead to an absurd result in which this Court would be overburdened with civil appeals from throughout the State. Rather, the Court is authorized only to hear those matters designated "within its exclusive intermediate jurisdiction" and cases transferred to the Court by the Texas Supreme Court. *Id.* Because this matter does not fall within the Court's exclusive intermediate jurisdiction and was not transferred to this Court by the Texas Supreme Court, proper venue for this appeal is in the Second Court of Appeals, and Haltom City respectfully requests this case be transferred.

**A.    Because this matter was not brought by or against an instrumentality of the executive branch of state government, neither subsection (A) nor (B) of Rule 25.1(d)(9) conveys jurisdiction over this matter to this Court.**

The Act explicitly states that any housing finance corporation, generally, is "a public instrumentality and nonprofit corporation." Tex. Local Gov't Code § 394.002(c)(3) (1987). Therefore, as Pecos HFC is a housing finance corporation organized under and operating pursuant to the Act, it is a public nonprofit corporation. Its articles of incorporation further indicate that it is organized as a Texas nonprofit corporation pursuant to the Act. Pecos HFC is not a component of the executive branch of state government, nor are any of the individual officers of Pecos HFC named in this suit considered officers or employees of the executive branch of state government, and Appellants therefore have no right to appeal to this Court. Pecos HFC has absolutely no jurisdictional grounds to file an appeal under subsections (A) or (B) of Rule 25.1(d)(9).

While the Tarrant Appraisal District ("TAD") is one of the named defendants in the trial court, TAD has not filed a notice of appeal in this matter. However, out of an abundance of caution, Haltom City will address whether this Court would have jurisdiction over an appeal filed by TAD, in the event that Pecos HFC seeks to "piggyback" on TAD's entity status.

The nature of entities serving as appraisal districts is set forth in Chapter 6, "Local Administration," of the Texas Tax Code. Quite simply, Section 6.01 explains that "[a]n appraisal district is a political subdivision of the state." Tex. Tax Code § 6.01(c). Case law clearly indicates that political subdivisions are not instrumentalities of the state's executive branch. Under both state and federal law, "political subdivisions . . . [are] something lesser than the State or its agencies." *In re Blue Cactus Post, L.C.*, 229 B.R. 379, 383 (Bankr. N.D. Tex. 1999). For example, appraisal districts are not entitled to the sovereign immunity protections conveyed by the Eleventh Amendment of the U.S. Constitution because they are not a branch of the state. *Id.* at 383-85. Furthermore, the Texas Supreme Court has held that the term "state," in similar contexts, typically applies to "an entity having statewide jurisdiction rather than an entity having local or limited jurisdiction." *Monsanto Co. v. Cornerstones Mun. Util. Dist.*, 865 S.W.2d 937, 939-40 (Tex. 1993) (citing *Guaranty Petroleum Corp. v. Armstrong*, 609 S.W.2d 529, 531 (Tex. 1980)). A political subdivision of the state with jurisdiction over local matters, like an appraisal district, is absolutely distinguishable from the executive branch of the state government.

It is abundantly clear that TAD, as a political subdivision, is not an arm of the executive branch of state government. *See* Tex. Tax Code § 6.01(c). Therefore, even if TAD had filed a notice of appeal to this Court, the Court would still lack jurisdiction under subsections (A) or (B) of Rule 25.1(d)(9). Pecos HFC certainly cannot sustain a jurisdictional argument on these grounds.

B.     **The constitutionality or validity of a state statute is not at issue; rather, the issue at hand is Pecos HFC's *unconstitutional abuse* of an otherwise constitutional state statute.**

Pecos HFC seems to conflate Haltom City's assertion that it has engaged in unconstitutional acts with an allegation that the statute on which it has based those acts is unconstitutional. Indeed, Pecos HFC has sought to invoke this Court's jurisdiction by intentionally mischaracterizing Haltom City's claims as challenges to the constitutionality of a state statute. It purports to base this argument on the components of Haltom City's petition that state "Appellant's actions . . . 'violate the Texas Constitution's rules against extra-jurisdictional taxation . . .'" and "that 'if [Section 394.903 of the Act] could be read to empower Pecos HFC to take properties outside of Reeves County off the tax rolls of other counties, this would violate the Texas Constitution's limits on the scope of Texas counties' taxing authority.'" Appellant's Gov't Code § 4002.010(a-1) Form.

Neither of these allegations challenge the constitutionality of a statute. The first allegation charges Pecos HFC with committing unconstitutional actions. The second allegation charges Pecos HFC with proposing, by its actions, an absurd and unconstitutional statutory interpretation that would allow HFCs to operate outside the jurisdiction of their sponsoring authority. Neither of these allegations seek to invalidate the statute as unconstitutional. A party seeking to challenge the constitutionality of a state statute must do so by bringing a declaratory judgment action that adds the Attorney General as a party. *Rylander v. Caldwell*, 23 S.W.3d 132, 136 (Tex. App.—Austin 2000, no pet.); *see also L.L.C., Inc. v. Hegar*, No. 13-21-00011-CV, 2023 Tex. App. LEXIS 3927, at *12 (Tex. App.—Corpus Christi–Edinburg June 8, 2023, pet. denied).   No such claim is made in Haltom City's petition, nor is the Attorney General a party to this matter, so these jurisdictional prerequisites are not satisfied. The constitutionality of the Act itself is not at issue; therefore, subsection (C) does not confer jurisdiction on this Court.

### III.     Pecos HFC's attempt to appeal to this Court is clearly frivolous and has been filed solely to delay the progress of these proceedings.

In the obvious absence of any jurisdictional trigger for Appellants to file their appeal in this Court, and in light of the Supreme Court's explicit holding that this Court does not have general statewide jurisdiction over civil appeals, *see Kelley*, 706 S.W.3d at 834, Haltom City is forced to conclude that this appeal was filed solely for the purposes of delay or other frivolous obfuscation. Rule 45 of the Texas Rules of Appellate Procedure provides that an appellate court may, "on motion of any party or on its own initiative," assess damages against an appellant who files a frivolous appeal. Tex. R. App. P. 45. Appellate courts have found damages appropriate when "no reasonable attorney could fail to conclude" that the appeal would be unsuccessful, when it is clear that an appellant has no "reasonable expectation" of success, and when the frivolous appeal injured the opposing party by requiring it to incur the costs of responding to such appeal. *Finkelberg v. Dubose*, No. 02-24-00454-CV, 2025 Tex. App. LEXIS 3690, at *10 (Tex. App.—Fort Worth May 29, 2025, no pet. h.); *Mid-Continent Cas. Co. v. Safe Tire Disposal Corp.*, 2 S.W.3d 393, 397 (Tex. App.—San Antonio 1999, pet. denied).

Pecos HFC has no reasonable expectation that its attempt to sustain an appeal in this Court would be successful. Rather, this appeal represents either a willful refusal to acknowledge this Court's statutory jurisdiction, as interpreted by the Texas Supreme Court, or an obtuse oversight as to the rules governing this Court's jurisdiction. Regardless, Pecos HFC's appeal lacks any jurisdictional foundation, injures Haltom City by requiring it to incur additional costs to respond to this frivolous appeal, and wastes judicial resources. This appeal is clearly unreasonable and serves no purpose other than to delay the proceedings of this suit.

Respectfully submitted,


*/s/ Wayne K. Olson*
Wayne K. Olson, Lead Counsel
Texas Bar No. 15276900
wolson@toase.com

Tammy Ardolf
Texas Bar No. 90001536
tardolf@toase.com

Rachel Raggio
Texas Bar No. 24126598
rraggio@toase.com

Members of the Firm of:
TAYLOR, OLSON, ADKINS, SRALLA
    & ELAM, L.L.P.
6000 Western Place, Suite 200
Fort Worth, Texas 76107-3654
Telephone:  817.332.2580
Facsimile:  817.332.4740

**ATTORNEYS FOR APPELLEE**


cc:    Jeffrey M. Tillotson – *Via TexFile*
       Amanda L. Reichek
       Kathryn E. Yukevich
       Tillotson Johnson & Patton
       1201 Main Street, Suite 1300
       Dallas, Texas 75202

       Daniel J. Lecavalier – *Via TexFile*
       Blake W. Stribling
       Chasnoff Stribling, LLP
       1020 N.E. Loop 410, Suite 150
       San Antonio, Texas 78209

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Teresa John on behalf of Wayne Olson
Bar No. 15276900
tjohn@toase.com
Envelope ID: 102697601
Filing Code Description: Response
Filing Description: Appellee's Letter Response Regarding Jurisdiction
Status as of 7/2/2025 1:28 PM CST

Associated Case Party: City of Haltom City, Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Wayne Olson | | wolson@toase.com | 7/2/2025 1:00:20 PM | SENT |
| Tammy Ardolf | | tardolf@toase.com | 7/2/2025 1:00:20 PM | SENT |
| Rachel Raggio | | rraggio@toase.com | 7/2/2025 1:00:20 PM | SENT |
| Teresa John | | tjohn@toase.com | 7/2/2025 1:00:20 PM | SENT |